— **EXHIBIT 10** —

# AMERICAN BAR ASSOCIATION

STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 469**                                                            **November 12, 2014**
**Prosecutors and Debt Collection Companies**

*A prosecutor who provides official letterhead of the prosecutor's office to a debt collection company for use by that company to create a letter purporting to come from the prosecutor's office that implicitly or explicitly threatens prosecution, when no lawyer from the prosecutor's office reviews the case file to determine whether a crime has been committed and prosecution is warranted or reviews the letter to ensure it complies with the Rules of Professional Conduct, violates Model Rules 8.4(c) and 5.5(a).*

**Introduction**

Debt collection companies are contracting with local prosecutors' offices to use prosecutor letterhead to create and mail collection demand letters. These demand letters typically cite the criminal law allegedly violated (such as making or delivering a check with insufficient funds) and advise the debtor that she/he could avoid the possibility of further action from the prosecutor's office by paying the amount of the debt, and in a significant number of cases, a substantial additional fee to attend a mandatory debtor education course. Typically, no lawyer in the prosecutor's office reviews the case file to determine whether a crime has been committed and prosecution is warranted or reviews the letter to ensure it complies with the Rules of Professional Conduct prior to the mailing.[1]

The Committee concludes that prosecutors involved in this practice violate Model Rules of Professional Conduct 8.4(c) and 5.5(a).

**Application of the Rules of Professional Conduct to Prosecutors: Jurisdictional Statement**

There is no question that prosecutors are subject to the rules of professional conduct. As ABA Formal Opinion 97-405, Conflicts in Representing Government Entities (1997), explained, "While lawyers who serve as public officers or employees are singled out for special treatment under a few rules, e.g., Rule 1.11 ('Successive Government and Private Employment') and 3.8 ('Special Responsibilities of a Prosecutor'), it has generally been assumed—correctly in our

---

[1]. For a full discussion of this country-wide practice, see Jessica Silver-Greenberg, *In Prosecutors, Debt Collectors Find a Partner*, NY TIMES (Sept. 15, 2012), http://www.nytimes.com/2012/09/16/business/in-prosecutors-debt-collectors-find-a-partner.html?pagewanted=all&_r=0; Joel Cohen, *When District Attorneys Become Bill Collectors*, AMERICAN LAWYER (Nov. 19, 2012), http://www.americanlawyer.com/id=1202578727214/When-District-Attorneys-Become-Bill-Collectors?slreturn=20140311111758; Mosi Secret, *Bounced Checks: How Local District Attorneys Get a Cut of the Debt Collection Business*, PROPUBLICA (Mar. 2, 2009), http://www.propublica.org/article/bounced-checks-how-local-das-get-a-cut-of-the-debt-collection-business. While programs vary depending on the terms of the contract between the prosecutor's office and the collection company, one thing does not: prosecutors allow debt collection companies to misrepresent the author and sender of this threatening letter. To review a copy of a debt collection letter issued by collection companies on prosecutor letterhead see *Letter from Bad Check Restitution Program*, NY TIMES (Sept. 16, 2012), http://www.nytimes.com/interactive/2012/09/16/business/20120916_DEBT_LETTER.html?ref=business. In 2013, the Oregon legislature passed a state bill prohibiting prosecutors from allowing collection companies to use their letterhead. OR. REV. STAT. §646.639 (2013), *available at* http://www.oregonlegislature.gov/bills_laws/lawsstatutes/2013orLaw0551.pdf.

**Formal Opinion 469**                                                                                                          **2**

view—that such lawyers are in most other respects subject to the same obligations in representing their client that apply to lawyers representing private clients."

Prosecutors acknowledge their ethical obligations as lawyers. Most prosecutors fulfill those obligations conscientiously and live up to the even higher responsibility of a minister of justice, as prescribed by Comment [1] to Rule 3.8. However, occasionally practices have taken hold in prosecutors' offices that, while driven by budgetary exigencies, fall short of their higher calling. It is such practices that have created the need for this opinion.

**Model Rule 8.4,** *Misconduct*

A prosecutor who enters into the type of agreement described in this opinion violates Model Rule 8.4(c), which provides that: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

In 1943, the ABA issued Formal Opinion 253, which determined that it would be unethical for a lawyer to allow a client to use the lawyer's stationery to deceive a debtor into believing that the debt had been referred to the lawyer and that the lawyer had written the collection letter. Specifically, the Committee noted that the practice violated Canon 15, which read in part: "The office of attorney does not permit, much less does it demand of him for any client, violation of law or any manner of fraud or chicane. He must obey his own conscience and not that of his client." [2] The Committee explained that a lawyer who allowed a client to send a collection letter on the lawyer's stationery was a party to deception and violated Canon 15. Today, Model Rule 8.4(c) addresses this same conduct.

To the same effect is a joint opinion of the New Jersey Committee on the Unauthorized Practice of Law and Advisory Committee on Professional Ethics, which determined that a lawyer who sold his "name and letterhead to a collection agency in exchange for a monthly fee" violated Rule 8.4(c).[3] The conduct enabled the debt collection agency to deceive the debtor into believing that the lawyer was about to institute proceedings to collect the alleged debt by sending a collection letter on firm stationery, giving the debtor reason to believe that "there has been an evaluation by an attorney of the claim asserted with a determination by the attorney that proceedings to ensure collections are warranted."

Such letters written on prosecutors' letterhead are even more deceptive than the letters dealt with in ABA Formal Opinion 253 and in the New Jersey Joint Opinions 48 and 725. This is because they misuse the criminal justice system by deploying the apparent authority of a prosecutor to intimidate an individual. They carry with them the implication that the prosecutor or associates in the prosecutor's office have reviewed the facts and found that a crime has been

---

2. ABA Canons of Prof'l Ethics, Canon 15 (1908).
3. N.J. Comm. on the Unauthorized Practice of Law & Advisory Comm. on Prof'l Ethics, Joint Ops. 48 & 725 (2012).

**Formal Opinion 469**                                                                                                    **3**

committed and criminal prosecution is warranted. To create such a false impression violates Rule 8.4(c).[4]

**Model Rule 5.5,** *Unauthorized Practice of Law; Multijurisdictional Practice of Law*

Since at least 1932, the ABA Standing Committee on Ethics and Professional Responsibility has written about lawyers working for and with creditors to collect allegedly delinquent debts.[5] Many of these opinions have focused on what is the proper allocation of duties between lawyers and laymen in collection matters to ensure that the lawyer is not aiding in the unauthorized practice of law.

Only a licensed lawyer may practice law, and states prohibit the unlicensed practice to protect consumers. Limiting the practice of law to members of the bar "protects the public against rendition of legal services by unqualified persons"[6] and serves to protect the public from unscrupulous persons' engaging in abusive conduct and misuse of the law. Model Rule 5.5(a) prohibits a lawyer from "assisting another" in practicing law in violation of that jurisdiction's regulations.[7]

The practice of law is defined by state statute and case law.[8] In the collection area, generally, a nonlawyer may negotiate, adjust, and settle a debt on behalf of a creditor, but a nonlawyer cannot give legal advice, institute litigation, or threaten to sue on behalf of another.[9] The participation by a prosecutor in the conduct described in this opinion, wherein the prosecutor supplies official letterhead to a debt collection company and allows the debt collection company to use it to send threatening letters to alleged debtors without any review by the prosecutor or staff lawyers to determine whether a crime was committed and prosecution is warranted, violates Rule 5.5(a) by aiding and abetting the unauthorized practice of law.[10]

In ABA Formal Opinion 68 (1932), the Committee determined that a lawyer who provided a client corporation with signed letterhead so that the client could write to persons who owed the client money "over the attorney's supposed signature" violated Canon 35 of the ABA Canons of Professional Ethics (1928). The Committee explained that by giving the client signed

---

4. Believing that ABA Model Rule 8.4(b) addressed the crimes of extortion and compounding a crime, when the ABA adopted the Model Rules in 1983, it deliberately omitted former Disciplinary Rule 7-105(A), which prohibited a lawyer from threatening criminal changes to gain an advantage in a civil matter. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 94-383 (1994) (threatening a disciplinary complaint against opposing counsel to gain an advantage in a civil matter may violate Rule 8.4(b) if the conduct is extortion under jurisdiction's law). Therefore, depending on the jurisdiction in which the prosecutor practices, if the threat to file a criminal action meets the jurisdiction's elements of extortion, the prosecutor could also be in violation of Rule 8.4(b). Prosecutors have not been excluded from the application of Rule 8.4(b). In *In re* Gobel, the Supreme Court of Nebraska suspended a lawyer for three months because, while county attorney, he threatened the debtor of a private client that unless a debt was immediately paid, the lawyer would file criminal charges against the debtor. *In re* Gobel, 271 N.W.2d 41(1978).
5. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 68 (1932), Formal Op. 253 (1943) & Informal Op. 1368 (1976).
6. ABA MODEL R. 5.5, cmt. [2] (2014).
7. *See* ABA MODEL R. 5.5(a) (2014).
8. ABA MODEL R. 5.5, cmt. [2] (2014).
9. ABA/BNA Laws. Man. on Prof. Conduct § 21:8011 (ABA/BNA 2011).
10. The Committee has become aware of a similar practice that involves a state overpayment of a benefit to a recipient. In that situation, a prosecutor lends office stationery to a state agency so that the agency's employees can use prosecutor letterhead to threaten criminal prosecution for failure to remit the overpayment. This practice, structured similarly to the one presented, would also violate the Rules of Professional Conduct.

letterhead, the lawyer delegated his professional functions - which were strictly personal to the lawyer - to a nonlawyer. This conclusion is consistent with state Supreme Court decisions and bar association ethics opinions.[11]

The conduct at issue in this opinion is even more abusive than that in Formal Opinion 68 because it gives the impression that the machinery of the criminal justice system has been mobilized against the debtor, and that unless the debtor pays the debt, the debtor faces criminal prosecution and possible incarceration.

**Conclusion**

A prosecutor who provides official letterhead of the prosecutor's office to a debt collection company for use by that company to create a letter purporting to come from the prosecutor's office that implicitly or explicitly threatens prosecution, when no lawyer from the prosecutor's office reviews the case file to determine whether a crime has been committed and prosecution is warranted or reviews the letter to ensure that it complies with the Rules of Professional Conduct, violates Model Rules 8.4(c) and 5.5(a).

---

[11]. *See* Yount v. Zarbell, 135 P.2d 309 (Wash. 1943) (lawyer who lends her signature to collection agent aids in the unauthorized practice of law); *In re* DeVinny, 255 N.W.2d 832 (Minn. 1977) (lawyer who allows collection agency to draft letters to debtors under his signature and who does not review and approve said letters aids unauthorized practice of law); Adams v. Kentucky Bar Ass'n, 843 S.W.2d 898 (Ky. 1991) (Assistant County Attorney aided the unauthorized practice of law when he "delegated authority and responsibility for deciding which parents of students in the Christian County School System would receive" letter threatening jail for nonpayment of school fees.); *In re* Scheck, 574 N.Y.S.2d 372 (N.Y. 1991) (lawyer who allowed collection company to use his name, letterhead and signature to send letters to debtors without actually reviewing letters sent out under his name aids in unauthorized practice of law); *In re* Hear, 755 N.E.2d 579 (Ind. 2001) (lawyer, who contracted with debt collector to perform services, and failed to make reasonable efforts to ensure that collector's conduct complied with rules of professional conduct, violated Rule 5.3). *See also* Ill. State Bar Ass'n, Op. 85-7 (1985) ("A lawyer may not allow unsupervised lay persons to prepare letters on the lawyer's stationery, with or without the lawyer's signature, if the letter states or implies legal conclusions- i.e., that the addressee is liable for the amount claimed- or threatens litigation if the purported debt is not paid. Such activities would constitute unauthorized practice of law by lay persons . . ."); State Bar of Georgia, Formal Op. 00-2 (2000) ("[A] lawyer is aiding a nonlawyer in the unauthorized practice of law when the lawyer allows a nonlawyer member of his or her staff to prepare and sign correspondence which threatens legal action or provides legal advice or both. Generally, a lawyer is aiding a nonlawyer in the unauthorized practice of law whenever the lawyer effectively substitutes the legal knowledge and judgment of the nonlawyer for his or her own."); L.A. County Bar Ass'n Prof'l Responsibility & Ethics Comm., Op. 522 (2009) ("[A]n attorney may not lend his or her name to be used by an unlicensed person. . . . The power and privileges attendant to the right to practice law may not be delegated to a nonlicensed person . . . To facilitate or assist an unlicensed person such as a legal assistant to engage in the practice of law would constitute aiding and abetting UPL." (internal citations omitted)).

---

AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND
PROFESSIONAL RESPONSIBILITY
321 N. Clark Street, Chicago, Illinois 60654-4714 Telephone (312) 988-5328
CHAIR: Paula J. Frederick, Atlanta, GA ■ T. Maxfield Bahner, Chattanooga, TN ■ Barbara S. Gillers, New York, NY ■ Amanda Jones, Chicago, IL ■ Donald R. Lundberg, Indianapolis, IN ■ Myles V. Lynk, Tempe, AZ ■ J. Charles Mokriski, Boston, MA ■ Ellen A. Pansky, South Pasadena, CA ■ Jennifer A. Paradise, New York, NY■ Richard H. Underwood, Lexington, KY

**CENTER FOR PROFESSIONAL RESPONSIBILITY:** Dennis A. Rendleman, Ethics Counsel, Mary McDermott, Associate Ethics Counsel
**©2014 by the American Bar Association. All rights reserved.**