Michael F. Ram, CSB #104805
Email: mram@rocklawcal.com
Susan S. Brown, CSB #287986
Email: sbrown@rocklawcal.com
Karl Olson, CSB #104760
Email: kolson@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN BREAZEALE, KAREN SOLBERG, KEVIN HIEP VU, NANCY MORIN, and NARISHA BONAKDAR, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTIM SERVICES, INC., d/b/a CorrectiveSolutions, NATIONAL CORRECTIVE GROUP, INC., d/b/a CorrectiveSolutions, and MATS JONSSON,<br><br>Defendants. | NO. 3:14-cv-05266-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Honorable Vince Chhabria<br><br><u>CLASS ACTION</u><br><br>**DEMAND FOR TRIAL BY JURY**<br><br>DATE: July 7, 2015<br>TIME: 11:00 a.m.<br>LOCATION: Courtroom 4 |

Plaintiffs Kevin Breazeale, Karen Solberg, Kevin Hiep Vu, Nancy Morin and Narisha Bonakdar ("Plaintiffs"), and Defendants Victim Services, Inc. ("VS"), National Corrective Group, Inc. ("NCG") and Mats Jonsson ("Jonsson"), or collectively, ("Defendants")) jointly

JOINT CASE MANAGEMENT STATEMENT - 1
CASE NO. 3:14-CV-05266-VC

submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9, including Civil Local Rule 16-9(b) which governs Case Management Statements in Class Actions:

1. <u>Jurisdiction and Service</u>:

Plaintiffs' claims arise under the Fair Debt Collection Practices Act (FDCPA) and California law. This Court his jurisdiction over Plaintiffs' FDCPA claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. All Defendants have been personally served with Plaintiffs' First Amended Complaint. No party contests this Court's jurisdiction.

2. <u>Facts</u>:

<u>Plaintiffs' Position</u>:

Plaintiffs allege that Defendants are private debt collectors that collect dishonored checks on behalf of retail merchants in California and other states. Defendants sent to each Plaintiff collection letters printed on the letterhead of county district attorneys. Plaintiffs contend that these letters are false, deceptive, or misleading and demand fees not authorized by law.

Defendants operate their programs without district attorney oversight, as required by state and federal law. In most cases, the merchants and private collection agencies transmit to Defendants only basic check information, which is insufficient to make a probable cause determination under California Penal Code Section 476a, or to consider the factors under California Penal Code § 1001.62. District attorneys do not assess probable cause, consider the five mandatory statutory factors, or make any "referral" to the "diversion program." The experiences of Plaintiffs Breazeale, Solberg, and Morin, who did not owe any money on the checks for which Defendants demanded payment and unlawful fees demonstrate why such oversight is necessary. Defendants assess and collect from consumers the following

unauthorized fees: a "Diversion Seminar Fee" of up to $190; a $10 "credit/debit card fee"; a $25 "class rescheduling fee"; a $10 "Payment Plan late fee"; and a $5 "overpayment refund" fee.

Defendant's Position:

Defendants vigorously dispute Plaintiffs' contentions. In Defendants' view, their conduct is lawful, primarily because local district attorney's offices have contractually authorized the actions of NCG and VS and because Congress, in 15 USC § 1692p, created an exemption to FDCPA liability for bad check restitution programs administered by private entities but established and controlled by local district attorneys. Defendants contend that the district attorneys, at all times, maintain absolute control and oversight over their bad check restitution programs. The district attorneys will only refer individuals to their bad check restitution programs upon an assessment of probable cause. Defendants contend that they are not private debt collectors, but rather, the administrators of statutorily authorized bad check restitution programs. Defendants further contend that the fees collected in connection with these bad check restitution programs are proper under California law. Lastly, Defendants contend that the communications at issue do not violate the FDCPA.

3. Legal Issues:

With regard to Plaintiffs' claims, the primary legal issues in dispute are:

(a) Whether the proposed class and subclass described in Plaintiffs' complaint may be certified under Federal Rule of Civil Procedure 23.

(b) Whether Defendants' "Bad Check Division Program" complies with California Penal Code § 1001.60 *et seq.*

(c) Whether Defendants communications with Plaintiffs are false, deceptive, or misleading, in violation of 15 U.S.C. § 1692e or are unfair or unconscionable under 15 U.S.C. § 1692f.

|   |   |   |
|---|---|---|
| 1 | (d) | Whether Defendants send debt collection letters that omit disclosures required under 15 U.S.C. §§ 1692e(11) and 1692g. |
| 3 | (e) | Whether Defendants collect unauthorized fees in violation of both state and federal law. |
| 5 | (f) | Whether Defendants' business practices are unlawful, unfair, or fraudulent under California Business and Professions Code § 17200 *et seq*. |
| 8 | (g) | Whether Defendants' made either fraudulent or negligent misrepresentations to Plaintiffs and members of the proposed class. |

With regard to Defendants' defenses, the primary legal issues in dispute are:

(a) Whether the conduct attributed to Defendants is covered by the statutory exemption to the FDCPA in 15 USC § 1692p.

(b) Whether the check-writers owe a "debt" within the meaning of 15 USC § 1692a(5) and whether Defendants are "debt collectors" within the meaning of 15 USC § 1692a(6).

(c) Whether the individual defendant, Jonsson, can be held individually liable for his role as an officer of VS and NCG.

(d) Whether any conduct of Defendants caused Plaintiffs or the putative class to suffer any damages.

(e) Whether Plaintiffs or the putative class have suffered any actual damages recoverable under the FDCPA.

(f) Whether Plaintiffs' proposed construction of the FDCPA violates the United States Constitution or principles of comity between the federal and state court systems.

   (g)  Whether certain of the Plaintiffs and members of the putative class are subject to binding arbitration pursuant to their participation in the bad check restitution programs.

4. <u>Motions</u>:

Defendants filed a Special Motion Strike two of Plaintiffs' state-law claims under California's Anti-SLAPP provision. Cal Code Civ. P. § 425.16.  (Dkt. Nos. 26, 37.) Defendants also filed a motion to dismiss under Federal Rule of Civil Procedure 12(b).  (Dkt. Nos. 28, 38.)  These motions are fully briefed and are set for hearing on July 7, 2015.

5. <u>Amendment of Pleadings</u>:

Plaintiffs reserve the right to amend the complaint to add additional plaintiffs or claims and suggest a deadline to amend the pleadings to set 180 days from the date of the case management conference.

6. <u>Evidence Preservation</u>:

Plaintiffs have taken steps to preserve evidence relevant to the issues in this action, including interdiction of any document-destruction programs and any ongoing erasures of emails, voicemails, and other electronically stored information ("ESI").

All three Defendants have been advised of preservation requirements and have taken steps to ensure that relevant ESI, including data, is preserved.  Defendants have not experienced any destruction or data losses since the start of the class period.

The Parties agree that the district attorneys with whom Defendants contract are likely to have documents and information relevant to Plaintiffs claims.  Defendants have agreed to send Plaintiffs a list of those district attorneys so that Plaintiffs may send preservation letters. Plaintiffs also intend to send preservation letters to merchants and check clearing or collection companies that refer checks to Defendants for collection.

7. <u>Disclosures</u>:

The parties exchanged initial disclosures on or before May 29, 2015.

8. <u>Discovery</u>:

Defendants' position is that all discovery is stayed until the Court resolves their Anti-SLAPP motion.  *See* Cal. Civ. Proc. Code § 425.16(g).  The parties have agreed that Plaintiffs may send Defendants draft discovery requests, which Plaintiffs have done, but that Defendants responses will not be due until 30-days after the July 7, 2015 hearing on Defendants' motions.

The Parties intend to conduct written discovery and depositions as set forth in the Federal Rules of Civil Procedure.  The Parties have agreed that if either party believes that interrogatories or depositions in excess of the number provided in the federal rules are required, they will confer and attempt to reach an agreement.

Plaintiffs anticipate that this case will require significant third-party discovery.  Plaintiffs intend to serve third-party subpoenas on merchants to whom Plaintiffs and putative class members allegedly wrote checks and to check clearing companies or collection agencies who referred those checks to Defendants.  Plaintiffs will serve third-party subpoenas on county district attorney who participate in Defendants' check collection program.  Plaintiffs will likely depose third parties as well.

Defendants anticipate a potential dispute regarding the scope of discovery during the pre-certification stage of this putative class action.  Discovery in a putative class action at the pre-certification stage is generally limited to such certification issues as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class.  <u>See</u> <u>Gusman v. Comcast Corp</u>., 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citation omitted).  The initial round of discovery sent to Defendants includes many questions geared toward the merits of this action, such as the financial condition of the Defendants, which have no bearing on certification issues.

Plaintiffs contend the scope of discovery is not limited during the pre-certification stage and that courts routinely compel production information and documents related to class issues, including production of a list of putative class members.  *See, e.g., Hoffmann‑La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989) (finding the district court properly ordered defendant "to

produce the names and addresses of potential class members"); *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869 (N.D. Ill. June 13, 2011) (compelling production of class list of over five thousand persons in case alleging violations of the Telephone Consumer Protection Act); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, *2 (S.D.N.Y. June 14, 2010) (citing *Sedtal v. Genuine Parts Co.*, No. 08 Civ. 413, 2009 WL 2216593, at *7 (E.D. Tex. July 13, 2009) ("Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the [FLSA] action….Conversely, it may underscore inadequacies in the group of potential plaintiffs….Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered."); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003) (Pre-certification disclosure is "necessary for the plaintiff to properly define the proposed class."); *Marks v. Global Mortg Group, Inc.*, 218 F.R.D. 492 (S.D. W. Va. 2003) (information about lender's other customers with balloon notes relevant to borrowers' claim that lender participated in a pattern and practice of fraud in connection with refinancing second mortgages).

    9.    Class Actions:

    (a)    Plaintiffs assert that the proposed classes included in their complaint may be certified under Rule 23. *See* First Amended Complaint ¶¶ 118–125.

    (b)    The proposed classes are initially defined as follows:

> **Umbrella class:** All persons to whom Defendants sent a collection demand in connection with a returned check, purporting to be a letter from a California county district attorney, within four years preceding the filing of this Complaint, whose claims are not barred by the settlement in *Smith v. Levine Leichtman Capital Partners, el al.*, Civ. No. 10-0010 (N.D. Cal.).

> **FDCPA Subclass:** All members of the umbrella class, from whom Defendants attempted to collect, or collected money for checks written for personal, family, or household purposes, within one year preceding the filing of this Complaint.

(c) Plaintiffs propose the following briefing schedule for their motion for class certification:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Plaintiffs' Motion for Class Certification | April 1, 2016 |
| Defendants' Opposition to Class Certification | April 29, 2016 |
| Plaintiffs' Reply | May 13, 2016 |

10. Related Cases:

The Parties are unaware of any pending cases related to this one.

11. Relief:

Plaintiffs seeks monetary and injunctive relief on behalf of Plaintiffs and the proposed class, as well as pre-judgment and post-judgment interest and their reasonable attorneys' fees and costs of suit, including expert witness fees. Plaintiffs seek actual and statutory damages under the FDCPA, restitution of unlawful fees collected by Defendants under the California UCL, and punitive damages. Plaintiffs cannot calculate the amount of money damages to Plaintiffs and members of the proposed class without information contained in Defendants' records, but those damages are estimated to be in the millions of dollars.

12. Settlement and ADR:

The Parties have discussed potential early resolution of this case through mediation. (*See* Dkt. No. 24.) Although no mediation has been scheduled, both Parties remain interested in pursuing resolution of this matter.

13. Consent to Magistrate Judge for All Purposes:

The Parties do not consent to a Magistrate Judge for all purposes under 28 U.S.C. § 636(c) (Dkt. Nos. 28, 29, 30).

14. <u>Other References</u>:

The Parties do not believe that the case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.  If Defendants' pending motions do not result in the dismissal of Plaintiffs claims, Defendants anticipate filing a motion to compel arbitration with respect to some or all Plaintiffs and members of the proposed class.  Plaintiffs will oppose such a motion.

15. <u>Narrowing of Issues</u>:

The Parties are not aware at this time of any issues that can be narrowed by agreement or motion.

16. <u>Expedited Trial Procedure</u>:

This case is not of a type that can be handled on an expedited basis with streamlined procedures pursuant to the Expedited Trial Procedure of General Order No. 64.

17. <u>Scheduling</u>:

The Parties propose that deadlines other than those set forth in Paragraph 9(c) above regarding class certification be set after the Court rules on class certification.

18. <u>Trial</u>:

Plaintiffs demand trial by jury for all claims that can be tried by a jury (Dkt. No. 8). The length of the trial will depend on whether the classes are certified.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Defendants have filed a Certification of Interested Entities pursuant to Civil Local Rule 3-16 (Dkt. No. 36).

20. All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other Matters:  The parties are not aware of any other matters at this time.

RESPECTFULLY SUBMITTED AND DATED this 25th day of June, 2015.

| TERRELL MARSHALL DAUDT & WILLIE PLLC | FREEDMAN & TAITELMAN, LLP |
|---|---|
| By: /s/ Beth E. Terrell, CSB #178181<br>  Beth E. Terrell, CSB #178181<br>  Email: bterrell@tmdwlaw.com<br>  936 North 34th Street, Suite 300<br>  Seattle, Washington 98103-8869<br>  Telephone: (206) 816-6603<br>  Facsimile: (206) 350-3528<br><br>  Paul Arons<br>  Email: lopa@rockisland.com<br>  LAW OFFICE OF PAUL ARONS<br>  685 Spring Street, Suite 104<br>  Friday Harbor, Washington 98250<br>  Telephone: (360) 378-6496<br>  Facsimile: (360) 378-6498<br><br>  Deepak Gupta<br>  Email: deepak@guptabeck.com<br>  GUPTA BECK PLLC<br>  1735 20th Street, NW<br>  Washington, DC 20009<br>  Telephone: (202) 888-1741<br>  Facsimile: (202) 888-7792 | By: /s/ Michael A. Taitelman, CSB #156254<br>  Michael A. Taitelman, CSB #156254<br>  Email: mtaitelman@ftllp.com<br>  Sean M. Hardy, CSB #266446<br>  Email: smhardy@ftllp.com<br>  1901 Avenue of the Stars, Suite 500<br>  Los Angeles, California 90067<br>  Telephone: (310) 201-0005<br>  Facsimile: (310) 201-0045<br><br>*Attorneys for Defendants Victim Services, Inc., National Corrective Group, Inc., and Mats Jonsson* |

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on June 25, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all registered CM/ECF users:

>Michael A. Taitelman, CSB #156254
>Email: mtaitelman@ftllp.com
>Sean M. Hardy, CSB #266446
>Email: smhardy@ftllp.com
>FREEDMAN & TAITELMAN, LLP
>1901 Avenue of the Stars, Suite 500
>Los Angeles, California 90067
>Telephone: (310) 201-0005
>Facsimile: (310) 201-0045

*Attorneys for Defendants Victim Services, Inc., National Corrective Group, Inc., and Mats Jonsson*

DATED this 25th day of June, 2015.

>TERRELL MARSHALL DAUDT & WILLIE PLLC
>
>By: /s/ Beth E. Terrell, CSB #178181
>Beth E. Terrell, CSB #178181
>Email: bterrell@tmdwlaw.com
>936 North 34th Street, Suite 300
>Seattle, Washington 98103-8869
>Telephone: (206) 816-6603
>Facsimile: (206) 350-3528
>
>*Attorneys for Plaintiff*