UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN BREAZEALE, et al.,

    Plaintiffs,

v.

VICTIM SERVICES, INC. D/B/A CORRECTIVESOLUTIONS, et al.,

    Defendants.

Case No. 14-cv-05266-VC

**ORDER DENYING MOTION TO DISMISS AND MOTIONS TO STRIKE**

Re: Dkt. Nos. 26, 28

The motions to dismiss the complaint and to strike the state law claims are denied.

**Motion to Dismiss**

1.  If the defendants are "debt collectors" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), the complaint plausibly alleges that the defendants violated the FDCPA in a number of ways – most obviously by not identifying themselves as debt collectors in letters to bad check offenders. Therefore, the motion to dismiss the FDCPA claim hinges on the contention that the defendants are excluded from the definition of a "debt collector" by 15 U.S.C. § 1692p. But taking the allegations in the complaint as true, the defendants do not qualify for the exclusion. Among other things, to qualify for the exclusion, a private entity contracting with a district attorney's office to administer a bad check diversion program may only send an alleged offender a letter if the district attorney has found probable cause of a bad check violation. § 1692p(a)(2)(C)(iv)(I). The defendants contend that the district attorneys require the defendants to take screening measures that weed out potential offenders for whom probable cause does not exist. This approach may or may not be enough to satisfy the statutory requirement that a "determination" of probable cause be made by the district attorney, but in any event the complaint plausibly alleges that the defendants did not effectively implement the measures imposed by district attorneys, and that the defendants did not do so for the named plaintiffs in this case.

2. There is no basis for abstention. *See*, *e.g.*, *Smith v. Levine Leichtman Capital Partners, Inc.*, 723 F. Supp. 2d 1205, 1213 (N.D. Cal. 2010); *Del Campo v. Mealing*, No. 01-cv-21151, Docket No. 230 (N.D. Cal. July 7, 2006).

3. The state law claims survive the motion to dismiss as well. At a minimum, the UCL claim survives because it successfully alleges unlawful conduct by the defendants, namely, violation of the FDCPA. The fraudulent misrepresentation claim survives because it's plausible, based on the allegations in the complaint, including allegations about the defendants' history of violating the statute, that the defendants knew they were violating the FDCPA, and knew they were misleading people by sending them letters implying that they would be prosecuted if they didn't participate in the diversion program. And therefore, by definition, the claim for negligent misrepresentation survives.

**Motion to Strike**

California's anti-SLAPP statute does not apply to this case because the plaintiffs' state law claims – the only claims to which the anti-SLAPP statute is applicable, s*ee Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) – satisfy all the conditions necessary to fall within the statute's exception for "action[s] brought solely in the public interest." Cal. Civ. Proc. Code § 425.17(b). Particularly, based on the allegations in the complaint, it does not appear that the named plaintiffs "seek any relief greater than or different from the relief sought for . . . a class of which" they are members. Cal. Civ. Proc. Code § 425.17(b)(1). *See also Smith*, 723 F. Supp. 2d at 1218 ("Plaintiffs are not seeking more for themselves than they are for the unnamed class members.").

**IT IS SO ORDERED.**

Dated: July 16, 2015

_____
VINCE CHHABRIA
United States District Judge

2