UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BREAZEALE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>VICTIM SERVICES, INC. D/B/A CORRECTIVESOLUTIONS, et al.,<br><br>   Defendants. | Case No. 14-cv-05266-VC<br><br>**ORDER INVITING FURTHER BRIEFING**<br><br>Re: Dkt. No. 92 |

  The parties are invited to file further supplemental briefs on the questions set forth below. To be considered, any further supplemental brief must be filed by Friday, July 15, 2016 at 2:00 pm. No extensions will be given. The questions are:

- The parties largely assume, without significant analysis, that the FAA applies to the letter Victim Services, Inc. sent to Ms. Bonakdar. But the letter is an agreement between a local prosecutor and a criminal suspect about how to resolve a potential state-law criminal violation. Why should that be considered a "contract evidencing a transaction involving commerce?" 9 U.S.C. § 2. Is there any indication that Congress intended the FAA to cover agreements between a local prosecutor and a criminal suspect about how to resolve a potential state-law criminal violation? To the extent the FAA is ambiguous on this question, should the Court avoid construing it "in a way that intrudes on the police power of the States?" *Bond v. United States*, 134 S. Ct. 2077, 2090 (2014).

- If the FAA does not apply, should the Court separately inquire whether the defendant may compel arbitration under California law? *See, e.g.*, *Valdes v. Swift*

*Transp. Co.*, 292 F. Supp. 2d 524, 528 (S.D.N.Y. 2003). If so, what is the answer? In particular, would the "third-party exception" apply? *See* Cal. Civ. Proc. Code § 1281.2(c); *Birl v. Heritage Care LLC*, 91 Cal. Rptr. 3d 777, 781-84 (Ct. App. 2009).

The briefs may not exceed 10 pages.

**IT IS SO ORDERED.**

Dated: July 11, 2016

VINCE CHHABRIA
United States District Judge