— **EXHIBIT 2** —

FREEDMAN+TAITELMAN, LLP
Michael A. Taitelman, Esq. (SBN 156254)
mtaitelman@ftllp.com
Sean M. Hardy, Esq. (SBN 266446)
smhardy@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Victim Services, Inc., National Corrective Group, Inc., and Mats Jonsson

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BREAZEALE, KAREN SOLBERG, KEVIN HIEP VU, NANCY MORIN, and NARISHA BONAKDAR on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>VICTIM SERVICES, INC., d/b/a CorrectiveSolutions, NATIONAL CORRECTIVE GROUP, INC., d/b/a CorrectiveSolutions, and MATS JONSSON,<br><br>Defendants. | Civ. No. 3:14-cv-05266-VC<br><br>CLASS ACTION<br><br>**DEFENDANT VICTIM SERVICES, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Plaintiff, KEVIN BREAZEALE, KAREN SOLBERG, KEVIN HIEP VU, NANCY MORIN, and NARISHA BONAKDAR, on their own behalf and on behalf of others similarly situated

RESPONDING PARTY:    Defendant, VICTIM SERVICES, INC.

SET:                 ONE

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Victim Services, Inc. ("Defendant") hereby objects and responds to the First Set of Interrogatories propounded by

---

**DEFENDANT VICTIM SERVICES, INC.'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Plaintiffs, KEVIN BREAZEALE, KAREN SOLBERG, KEVIN HIEP VU, NANCY MORIN, and NARISHA BONAKDAR, on their own behalf and on behalf of others similarly situated ("Plaintiffs"), as follows:

**PRELIMINARY STATEMENT**

Defendant has not completed its investigation of the facts relating to this case, its discovery in this action, or its preparation for trial. The responses contained herein are based only upon such information and documents presently available to and known by Defendant. Nothing contained herein shall be used to preclude Defendant from further research and investigation of the facts or from presentation of the results of that research and investigation to the trier of fact at the time of trial.

The following responses are provided without prejudice to the right of Defendant to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following responses. Defendant reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

To the extent that a response to a Interrogatory has not been objected to, Defendant has used reasonable diligence to obtain information responsive to the interrogatories responded to herein, based on examination of those files that may reasonably be expected to yield such information and interviews with those individuals reasonably expected to have such information. All relevant and unprivileged information so obtained is contained in these responses. To the extent that the propounding party seeks to require Defendant to do more than the foregoing, the responses to Interrogatories are objected to on the grounds that they seek information which is

2
DEFENDANT VICTIM SERVICES, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, and would subject Defendant to oppression, harassment, and undue burden and expense not commensurate with any legitimate discovery need.

Each response is given subject to all objections as to relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of the responses if such responses were to be introduced into evidence at any hearing or trial of this matter, all of which are reserved and may be interposed at the time of such hearing or trial. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any interrogatory herein has been answered should not be taken as an admission or acceptance of any facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

## GENERAL OBJECTIONS

The objections below are incorporated into Defendant's responses to each interrogatory, whether or not specific reference is made to such objection in the response to a particular interrogatory:

1.  Defendant objects to the definitions contained in the Interrogatories in that they are (a) overbroad, vague and ambiguous; (b) not sufficiently stated with particularity, and require further detail for a response; (c) request information which is not relevant to the litigation; and (d) compliance with each interrogatory would be oppressive and unduly burdensome.

2.  Defendant objects to each interrogatory to the extent that they purport to abrogate any of the Defendant's rights, or to impose obligations broader than those authorized under the Federal Rules of Civil Procedure, the Local Rules of this United States District Court, or any order of the Court in this action.

3.  Defendant objects to each interrogatory to the extent that it is vague, ambiguous, uncertain, over-broad and not reasonably particularized.

4. Defendant objects to the definitions and instructions set forth in the interrogatories to the extent that they differ from those set forth in the Federal Rules of Civil Procedure sections 26 and 33.

5. Defendant objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or by any other protection afforded by law. Any inadvertent production of such information is not intended to waive any such privileges or protection.

6. Defendant objects to each interrogatory to the extent that it calls for information that constitutes or concerns proprietary and/or confidential business information and/or trade secrets.

7. Defendant objects to each interrogatory to the extent that it seeks information not in the possession, custody, or control of Defendant, or seeks information that was never in Defendant's possession, custody or control.

8. Defendant objects to each interrogatory to the extent that it seeks information to which Plaintiff has equal access.

9. Defendant objects to each interrogatory to the extent that it seeks information already in the possession, custody, or control of Plaintiff.

10. Defendant objects to each interrogatory to the extent it seeks information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

11. Defendant objects to each interrogatory to the extent that it seeks information that violates the privacy rights of third parties and/or the Defendant. (See *Seaton v. Mayberg* 610 F.3d 530, 541, fn 47 (9th Cir. 2010); *Stallworth v. Brollini* 288 F.R.D. 439, 444 (N.D. Cal. 2012).

12. Defendant objects to each interrogatory to the extent that improperly seeks evidence of defendant's or a third party's financial condition. (See *Matlow v. Solomon*, 2005 U.S.

Dist. LEXIS 36119, 3, Copy. L. Rep. (CCH) P29, 077, 2005 WL 2416827 (D. Or. Sept. 29, 2005)).

13.     Defendant objects to each interrogatory to the extent that it lacks foundation and assumes facts.

14.     Each of the foregoing objections is, to the extent applicable, incorporated into each of Defendant's specific responses to the individual interrogatories as if they were fully repeated therein, and will not be specifically repeated in each such response. Defendant's failure to object to an interrogatory on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at a later time.

Defendant incorporates by reference these general objections to each and every interrogatory below.

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 6:**

Please describe YOUR POLICIES and procedures for COLLECTING dishonored checks written in California, including, the following:

(a)     The methods by which YOU receive or received DISHONORED CHECKS or check information RELATING TO checks written in California, and the form in which YOU receive the information;

(b)     If YOU receive or received check information in electronic form, specify the fields of information or documents YOU require or required from MERCHANTS submitting checks to the PROGRAM;

(c)     If YOU receive or received check information in a non-electronic form, specify the information or documents YOU require or required from MERCHANTS submitting checks to the PROGRAM, before YOU attempt COLLECTION;

(d)     The selection, timing and identification of the FORM LETTERS that YOU send or sent to check writers, MERCHANTS, and district attorneys;

(e)     The timing and substance of the phone calls that YOU make or made, to check writers;

(f)     The scheduling of diversion classes;

(g)     The receipt and disbursement of payments made by check writers; and

(h)     The termination of COLLECTION efforts.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory for the reasons stated above in the Preliminary Statement and General Objections, which are incorporated by reference as if fully stated herein.

Objection:  Defendant objects to this interrogatory, as phrased, on the ground that it is compound in violation of Federal Rules of Civil Procedure, Rule 33(a).  Plaintiffs cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discrete, separate subjects.  (*See,* Rule 33, Advisory Committee Notes, 1993 Amendments); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 443-45 (C.D. Cal. 1998).)

Objection:  Defendant objects to this interrogatory on the ground that it is vague and ambiguous.

Objection:  Defendant objects to this interrogatory on the ground that it is overbroad, oppressive, burdensome, and intended to harass.

Objection:  Defendant objects to this interrogatory on the ground that it seeks information which is not relevant to the issues presented in this action and not likely to lead to the discovery of admissible evidence.

Objection:  Defendant objects to this interrogatory on the ground that it calls for information that constitutes or concerns proprietary and/or confidential business information and/or trade secrets.

Objection: Defendant objects to this interrogatory on the ground that it seeks information that violates the privacy rights of third parties and/or the Defendant. (See *Seaton v. Mayberg* 610 F.3d 530, 541, fn 47 (9th Cir. 2010); *Stallworth v. Brollini* 288 F.R.D. 439, 444 (N.D. Cal. 2012).

Objection: Defendant objects to this interrogatory on the ground that it assumes facts and lacks foundation.

Without waiving the foregoing objections, and subject thereto, Defendant responds as follows:

In response to subparts (a) through (h) inclusive, and pursuant to FRCP 33(d), Defendant will produce its contracts with California district attorneys, as well as responsive documents in a folder labeled "Interrogatory No 6." Specifically, the files contained in this folder are entitled: (1) "CA_Counties_Crime Report_Brochures#6a.pdf" (190 pages); (2) "CA_Counties_Timing Sequence of Letters_05142015-present_#8.d.pdf" (1 page); (3) "CA_Counties_Timing Sequence of Letters_10042010-05132015_excluding LA County_#8.d.pdf" (1 page); (4) "Class_Project_final" (Microsoft Excel documents); (5) "PhoneExtractHistory.doc" (6 pages); (7) "All CA Contracts.pdf" (563 pages); (8) "Suggested Data File Layout v2.pdf" (2 pages); and (9) "Suggested Data File Layout multi.pdf" (2 pages) . In response to subpart (e), Defendant additionally directs Plaintiffs, pursuant to FRCP 33(d), to its training materials produced in response to Request for Production of Documents No. 12, Bates Stamped DEF 000223-DEF 000349, DEF 000360- DEF 000361, DEF 041863 – DEF 041864, DEF 041960 – DEF 042001 and DEF 046589. In response to subpart (h), Defendants additionally directs Plaintiffs, pursuant to FRCP 33(d), to the documents produced in response to Request for Production of Documents No. 12, Bates Stamped DEF 000223-DEF 000349, DEF 000360- DEF 000361, DEF 041863 – DEF 041864, DEF 041960 – DEF 042001 and DEF 046589.

**INTERROGATORY NO. 7:**

For EACH POLICY or procedure described in response to the previous interrogatory, IDENTIFY EACH PERSON who participated in ANY way in designing or approving the POLICY or procedure, and describe that PERSON'S participation, including the time period and substance of such participation.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this interrogatory for the reasons stated above in the Preliminary Statement and General Objections, which are incorporated by reference as if fully stated herein.

Objection: Defendant objects to this interrogatory, as phrased, on the ground that it is compound in violation of Federal Rules of Civil Procedure, Rule 33(a). Plaintiffs cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discrete, separate subjects. (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 443-45 (C.D. Cal. 1998).)

Objection: Defendant objects to this interrogatory on the ground that it is vague and ambiguous.

Objection: Defendant objects to this interrogatory on the ground that it is overbroad, oppressive, burdensome, and intended to harass.

Objection: Defendant objects to this interrogatory on the ground that it seeks information which is not relevant to the issues presented in this action and not likely to lead to the discovery of admissible evidence.

Objection: Defendant objects to this interrogatory on the ground that it calls for information that constitutes or concerns proprietary and/or confidential business information and/or trade secrets.

Objection: Defendant objects to this interrogatory on the ground that it seeks information that violates the privacy rights of third parties and/or the Defendant. (See *Seaton v. Mayberg* 610 F.3d 530, 541, fn 47 (9th Cir. 2010); *Stallworth v. Brollini* 288 F.R.D. 439, 444 (N.D. Cal. 2012).

Objection: Defendant objects to this interrogatory on the ground that it improperly seeks evidence of defendant's or a third party's financial condition. (See *Matlow v. Solomon*, 2005 U.S. Dist. LEXIS 36119, 3, Copy. L. Rep. (CCH) P29, 077, 2005 WL 2416827 (D. Or. Sept. 29, 2005)).

Objection: Defendant objects to this interrogatory on the ground that it assumes facts and lacks foundation.

Without waiving the foregoing objections, and subject thereto, Defendant responds as follows:

<u>Thomas Jonsson</u> – COO and General Counsel - Gave input on procedures and scripts from June 2014 to present. Partially responsible for approval of all policies and procedures.

<u>Stephanie Serrano</u> - Supervisor/Trainer - Maintained Manual for training purposes. 2014 to present. Partially responsible for approval of all policies and procedures.

<u>Joe Ayala</u> - Compliance Operation Director/Call Center Manager - Updated the majority of the training manual in 2014. Partially responsible for approval of all policies and procedures.

<u>James Meade</u> – Enforcement Attorney with Consumer Financial Protection Bureau. Partially responsible for approval of all policies and procedures from March 2015 to present.

**INTERROGATORY NO. 17:**

Please IDENTIFY YOUR officers, directors, owners, shareholders, or partners during the Relevant Time Period and state their title, job description, responsibilities, and employment history with any Defendant in this action, including prior positions held and the period during which EACH position was held.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this interrogatory for the reasons stated above in the Preliminary Statement and General Objections, which are incorporated by reference as if fully stated herein.

Objection: Defendant objects to this interrogatory, as phrased, on the ground that it is compound in violation of Federal Rules of Civil Procedure, Rule 33(a). Plaintiffs cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discrete, separate subjects. (*See,* Rule 33, Advisory Committee Notes, 1993 Amendments); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 443-45 (C.D. Cal. 1998).)

Objection: Defendant objects to this interrogatory on the ground that it is vague and ambiguous.

Objection: Defendant objects to this interrogatory on the ground that it is overbroad, oppressive, burdensome, and intended to harass.

Objection: Defendant objects to this interrogatory on the ground that it seeks information which is not relevant to the issues presented in this action and not likely to lead to the discovery of admissible evidence.

Objection: Defendant objects to this interrogatory on the ground that it calls for information that constitutes or concerns proprietary and/or confidential business information and/or trade secrets.

Objection: Defendant objects to this interrogatory on the ground that it seeks information that violates the privacy rights of third parties and/or the Defendant. (See *Seaton v. Mayberg* 610 F.3d 530, 541, fn 47 (9th Cir. 2010); *Stallworth v. Brollini* 288 F.R.D. 439, 444 (N.D. Cal. 2012).

Objection: Defendant objects to this interrogatory on the ground that it improperly seeks evidence of defendant's or a third party's financial condition. (See *Matlow v. Solomon,* 2005 U.S. Dist. LEXIS 36119, 3, Copy. L. Rep. (CCH) P29, 077, 2005 WL 2416827 (D. Or. Sept. 29, 2005)).

Objection: Defendant objects to this interrogatory on the ground that it assumes facts and lacks foundation.

Without waiving the foregoing objections, and subject thereto, Defendant responds as follows:

<u>Board</u>: Thomas Jonsson (June 6, 2014 to present)

<u>Officers</u>: Thomas Jonsson, President (June 6, 2014 to present)

Karen Boyd, Vice President (June 6, 2014 to present)

Mats Jonsson, Treasurer (June 6, 2014 to present)

<u>Owner</u>: Birch Grove Holdings, Inc.

**INTERROGATORY NO. 20:**

Please state the per participant cost of the Financial Accountability Class. Please state any other factors you believe should be considered in calculating the value of the class to participants.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to this interrogatory for the reasons stated above in the Preliminary Statement and General Objections, which are incorporated by reference as if fully stated herein.

Objection: Defendant objects to this interrogatory, as phrased, on the ground that it is compound in violation of Federal Rules of Civil Procedure, Rule 33(a). Plaintiffs cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discrete, separate subjects. (*See,* Rule 33, Advisory Committee Notes, 1993 Amendments); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 443-45 (C.D. Cal. 1998).)

Objection: Defendant objects to this interrogatory on the ground that it is vague and ambiguous.

Objection: Defendant objects to this interrogatory on the ground that it is overbroad, oppressive, burdensome, and intended to harass.

Objection: Defendant objects to this interrogatory on the ground that it seeks information which is not relevant to the issues presented in this action and not likely to lead to the discovery of admissible evidence.

Objection: Defendant objects to this interrogatory on the ground that it calls for information that constitutes or concerns proprietary and/or confidential business information and/or trade secrets.

Objection: Defendant objects to this interrogatory on the ground that it assumes facts and lacks foundation.

Without waiving the foregoing objections, and subject thereto, Defendant responds as follows: Pursuant to FRCP 33(d), Defendant will produce its contracts with California district attorneys, as well as responsive documents in a folder labeled "Interrogatory 20." Specifically, the files contained in this folder are entitled: (1) "Copy of Class_information_v4_01132016" (Microsoft Excel document); and (2) "Interrogatory #20_Year_Class Fee_1217205" (Microsoft Excel document).

DATED: March 17, 2016

By: _____
Michael A. Taitelman
Sean M. Hardy
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Tel: (310) 201-0005
Fax: (310) 201-0045
mtaitelman@ftllp.com
smhardy@ftllp.com
Attorneys for Victim Services, Inc.,
National Corrective Group, Inc., and Mats Jonsson

DEFENDANT VICTIM SERVICES, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

# VERIFICATION

I, Mats Jonsson, declare as follows:

I have read the foregoing **DEFENDANT VICTIM SERVICES, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** and know its contents.

I am the authorized representative of Victim Services, Inc., a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matter which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 17, 2016 at Tuscon, Arizona.

_____
Mats Jonsson

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
CASE NO. 3:14-cv-05266-VC

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 500, Los Angeles, CA 90067.

On **March 18, 2016**, I served the following document(s) described as: **DEFENDANT VICTIM SERVICES, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

*Attorneys for Plaintiffs and appellees, Kevin Breazeale, Karen Solberg, Kevin Hiep Vu, Nancy Morin and Narisha Bonakdar:*

Blythe Chandler
BChandler@terrellmarshall.com
Beth E. Terrell
bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

☒ **By Fedex Delivery:** By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal Express agent for next business day delivery to the address(es) listed above.

Paul Arons
lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street, Suite 104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

Deepak Gupta
deepak@guptabeck.com
GUPTA BECK PLLC
1735 20th Street, NW
Washington, DC 20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

PROOF OF SERVICE

| | |
|---|---|
| 1 | Michael F. Ram (SBN 104805) |
|   | mram@rocklawcal.com |
| 2 | Susan S. Brown, CSB #287986 |
|   | sbrown@rocklawcal.com |
| 3 | Karl Olson (SBN 104760) |
|   | kolson@rocklawcal.com |
| 4 | RAM, OLSON, CEREGHINO & KOPCZYNSKI |
| 5 | 555 Montgomery Street, Suite 820 |
|   | San Francisco, California  94111 |
| 6 | Telephone:  (415) 433-4949 |
|   | Facsimile:  (415) 433-7311 |

☒　**By U.S. Mail:**  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date deposit for mailing in affidavit.

☒　**FEDERAL**
I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that this Proof of Service was executed on **March 18, 2016,** at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Christina Puello
　　　　　　　　　　　　　　　　　　　　　　Christina Puello

- 1 -
**PROOF OF SERVICE**