FREEDMAN+TAITELMAN, LLP
Michael A. Taitelman, Esq. (SBN 156254)
mtaitelman@ftllp.com
Sean M. Hardy, Esq. (SBN 266446)
smhardy@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Defendants Victim Services, Inc., National Corrective Group, Inc., American Justice Solutions, Inc., Birch Grove Holdings, Inc., Mats Jonsson, and Karl Thomas Jonsson

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SOLBERG, NANCY MORIN, and NARISHA BONAKDAR on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>VICTIM SERVICES, INC., d/b/a CorrectiveSolutions, NATIONAL CORRECTIVE GROUP, INC., d/b/a CorrectiveSolutions, AMERICAN JUSTICE SOLUTIONS, INC., d/b/a CorrectiveSolutions, BIRCH GROVE HOLDINGS, INC., MATS JONSSON and KARL THOMAS JONSSON,<br><br>Defendants. | Civ. No. 3:14-cv-05266-VC<br><br>CLASS ACTION<br><br>**CLASS ACTION**<br><br>**DECLARATION OF SEAN M. HARDY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(7) OR, IN THE ALTERNATIVE, TO REQUIRE JOINDER** |

---
DECLARATION OF SEAN M. HARDY

I, Sean M. Hardy, declare:

1. I am more than eighteen years old. I am an attorney licensed to practice in the State of California and before this Court, and an associate in the firm of Freedman+Taitelman LLP, counsel for Defendants Victim Services, Inc., National Corrective Group, Inc., American Justice Solutions, Inc., Birch Grove Holdings, Inc., Mats Jonsson, and Karl Thomas Jonsson (collectively, "Defendants") in this action. I make this declaration of my own personal knowledge, and if called to do so, could testify competently to the facts stated herein under oath.

2. I recently commissioned the Legislative Intent Service in Woodland, California, to obtain the complete legislative history behind California Penal Code sections 1001.60 through 1000.67, as those sections were originally enacted in 1985 through Senate Bill 1108.

3. Attached hereto as Exhibit "1" is a true and correct copy of the Declaration of Anna Maria Bereczky-Anderson of the Legislative Intent Service, which authenticates the various items of legislative history that I obtained. Among other items of legislative history, I obtained the following documents from Legislative Intent Service, the relevant excerpts of which are attached hereto as exhibits:

- Senate Bill 1109, 1985 Regular Session, Chapter 1059, at 795-96, a true and correct copy of which is attached hereto as Exhibit "2".
- Analysis of Senate Bill 1108 prepared for the Senate Committee on Judiciary, a true and correct copy of which is attached hereto as Exhibit "3".
- Third Reading, Senate Rules Committee Analysis of SB 1108, as amended May 1, 1985, a true and correct copy of which is attached hereto as Exhibit "4".
- Maricopa County Attorney Bad Check Handbook, Maricopa County Attorney Bad Check Program, a true and correct copy of which is attached hereto as Exhibit "5".
- Bad Check Report, National Corrective Training Institute, a true and correct copy of which is attached hereto as Exhibit "6".
- Report of the California Grocers Association, a true and correct copy of which is

     attached hereto as Exhibit "7".

- The Travis County Bad Check Program, Margaret Moore County Attorney, a true and correct copy of which is attached hereto as Exhibit "8".
- Check Diversion Report, Placer County District Attorney, including SB 1108 Reporting Form, a true and correct copy of which is attached hereto as Exhibit "9".
- SB 1108 Reporting Form, Riverside District Attorney, a true and correct copy of which is attached hereto as Exhibit "10".
- SB 1108 Reporting Form, Santa Barbara District Attorney, a true and correct copy of which is attached hereto as Exhibit "11".
- SB 1108 Reporting Form, Ventura District Attorney, a true and correct copy of relevant excerpts which are attached hereto as Exhibit "12".

4. If the Court wishes, Defendants will make available to the Court all of the legislative history that they received from the Legislative Intent Service.

5. I reviewed a number of California state statutes relating to and/or authorizing diversion programs within the state of California, including both pre-complaint and post-complaint diversion programs. Specifically, I reviewed the following statutes: Cal. Pen. Code § 1001-1001.9 (Misdemeanor Diversion); Cal Pen. Code § 1001.40 (Pretrial Diversion of Traffic Violators); Cal. Veh. Code § 11200-11222 (Traffic Violator Schools); Cal. Veh. Code § 42005 (Court-Ordered Attendance at Traffic Violator School); Cal. Pen. Code § 1001.50-1001.55 (Diversion of Misdemeanor Offenders); Cal. Pen. Code § 1001.60-1001.67 (Bad Check Diversion); Cal. Pen. Code § 1001.70-1001.75 (Parental Diversion); Cal. Pen. Code § 1000-1000.6 (Drug Diversion); Cal. Pen. Code § 1001.16 (Diversion Fees); and Cal. Pen. Code § 1000.12, 1000.17 (Child Abuse and Neglect Counseling).

6. In my review of the statutes listed in paragraph 5, I found no statutory provision that explicitly prohibits fees from being charged for any classroom, educational or counseling component of any diversion program. The California Penal Code and the other statutes are largely silent on the issue of fees charged for classroom, educational or counseling components.

7. One exception was under "Diversion of Misdemeanor Offenders" programs established pursuant to Penal Code section 1001.50, where a court can only require the defendant to pay the "reasonable cost of diversion" defined as "the amount determined to be the actual average cost of diversion services." *See* Cal. Pen. Code § 1001.54. This provision does not set any express limit or "cap" on the costs of diversion or fees that may be charged and does not mention any classroom and/or educational components.

8. Similarly, another exception under "Parental Diversion" programs established pursuant to Penal Code section 1001.70 provides that the court can only require the defendant to pay the "reasonable cost of diversion" defined as "the amount determined to be the actual average cost of diversion services." *See* Cal. Pen. Code § 1001.73. This provision does not set any express limit or "cap" on the costs of diversion or fees that may be charged and does not mention any classroom and/or educational components.

9. Finally, under the Bad Check Diversion section of the Penal Code, the only reference to charges for educational classes is the court's ability to order the defendant to pay for the expense of an educational class without reference to any express limit or "cap" on the amount of that expense. *See* Cal. Pen. Code § 1001.65.

10. Outside of the Penal Code, I did find several references to class fees in the Vehicle Code relating to traffic violator school. *See e.g.*, Cal. Veh. Code § 11219.5(a) (requiring traffic violator schools to issue a receipt for fees collected for instruction programs); *see* Cal. Veh. Code § 11200-11222. I did not, however, find any explicit authorization for any class fees in those statutes or any other statute. In addition, the only limitation I found on class fees was in Cal. Veh. Code § 11212(a)(8), which requires traffic violator schools to maintain records at their place of business showing that the total cost of instruction to the student "does not exceed the amount of the fee represented or advertised by the traffic violator school at the time of the student's enrollment."

11. Although Penal Code sections 1001.15 and 1001.16, entitled "Diversion Fees," authorize and place certain limits on Drug Diversion "administrative fees," including the costs of criminalistics laboratory analysis, the costs of the application for diversion, and the costs of

1  court supervision of the divertee, these sections do not reference, authorize, or appear to relate
2  to educational classes.

5      I declare under penalty of perjury under the laws of the United States and the State of
6  California that the foregoing is true and correct.
7      Executed this 25th[th] day of June, 2018 at Los Angeles, California.
8                      /S/ Sean M. Hardy
9                      SEAN M. HARDY