Michael F. Ram, CSB #104805
Email: mram@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN SOLBERG, NANCY MORIN, and NARISHA BONAKDAR, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTIM SERVICES, INC., d/b/a CorrectiveSolutions, NATIONAL CORRECTIVE GROUP, INC., d/b/a CorrectiveSolutions, AMERICAN JUSTICE SOLUTIONS, INC., d/b/a/ CorrectiveSolutions, BIRCH GROVE HOLDINGS, INC., MATS JONSSON and KARL THOMAS JONSSON,<br><br>Defendants. | NO. 3:14-cv-05266-VC<br><br>**FURTHER JOINT CASE MANAGEMENT REPORT**<br><br>Honorable Vince Chhabria<br><br><u>CLASS ACTION</u><br><br>DATE:    December 11, 2019<br>TIME:    10:00 a.m.<br>LOCATION:  Courtroom 4, 17th Floor |

The parties submit this further Joint Case Management Statement per the Court's Order

on the parties' cross-motions for summary judgment. (Dkt. No. 348 at 27).

1.    <u>Jurisdiction and Service</u>:

Plaintiffs' claims arise under the Fair Debt Collection Practices Act (FDCPA) and

California law. This Court his jurisdiction over Plaintiffs' FDCPA claims under 28 U.S.C.

§ 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. All Defendants have been served with and have answered Plaintiffs' Second Amended Complaint.

      2.   <u>Motions:</u>

<u>Plaintiffs' Position:</u>

      The Court denied the parties' cross motions for summary judgment on the lawfulness of Defendants' fees without prejudice to filing renewed summary judgment motions on the issue. (Dkt. No. 348 at 25). Plaintiffs anticipate filing cross motions for summary judgment, consistent with the Court's standing order, on the issue of whether Defendants charged fees that are not authorized by law as soon as the parties have had the opportunity to conduct discovery on the issue. There are legal issues regarding whether Defendants' fees are permitted under California law that are appropriate for summary judgment. *See California Bldg. Indus. Ass'n v. State Water Res. Control Bd.*, 4 Cal. 5th 1032, 1050, 416 P.3d 53, 65, 232 Cal. Rptr. 3d 64, 78 (2018) ("Whether a government imposition is a fee or a tax is a legal question…."). Federal courts are often called on to determine the legality of fees under California law. *See Shell Oil Co. v. City of Santa Monica*, 830 F.2d 1052, 1060-61 (9th Cir. 1987) (holding that a city's proposed fee on oil company did not violate the California Constitution).[1] The relevant factual issue is whether any counties complied with statutory requirements for valid adoption of user fees, which should not require the extensive discovery Defendants contemplate.

      Plaintiffs propose the following schedule for summary judgment motions:

---

[1] Rule 8.548 of the California Rules of Court does not permit the Court to certify a question to the California Supreme Court. But if either party is dissatisfied with a future ruling of this Court, it may appeal the ruling to the Ninth Circuit and request certification of the issue. *See* Cal. R. Ct. 8.548.

| First brief (Defendants): | 30 days after the close of discovery on the issue of fees |
| Second brief: | 30 days after First brief |
| Third brief: | 30 days after Second brief |
| Fourth brief: | 14 days after Third brief |

A federal court has jurisdiction over claims, not issues, as Defendants suggest. The Court has federal question jurisdiction over Plaintiffs' FDCPA claim and supplemental jurisdiction over Plaintiffs' UCL claim. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1367(a). The Court already rejected abstention arguments in this case. (Dkt. No. 63 at 2). Additional briefing on abstention is not warranted at this late stage. The Court has a "virtually unflagging responsibility" to exercise its jurisdiction. *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976). And Defendants' lengthy position statement fails to even identify what kind of abstention they intend to claim applies.

The FDCPA is a strict liability statute. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). Defendants bear the burden of proving that their fees are authorized by California law and do not violate Section 1682f(1) of the FDCPA. *Del Campo v. Am. Corrective Counseling Serv., Inc.*, 718 F. Supp. 2d 1116, 1133 (N.D. Cal. 2010). A debt collector that has collected unlawful fees may avoid liability only by establishing the bona fide error defense. *Reichert*, 531 F.3d at 1005-06 (9th Cir. 2008). Simply showing that a third party purported to authorize a fee does not meet that burden. *Id.* at 1006.

Finally, Defendants fail to identify how the Court's ruling on the parties' motions for summary judgment changes the Court's analysis regarding joinder and merits revisiting the Court's previous denial of Defendants' motion to dismiss for failure to join the district attorneys under Federal Rule of Civil Procedure 12(b)(7) or to require joinder under Rule 19.

(Dkt. No. 295). Defendants do not explain why the county boards of supervisors or other county entity would be indispensable when the district attorneys were not.

Defendants' Position:

The Court denied the cross-motions for summary judgment on the issue of whether the bad check diversion programs' various administrative fees were permitted under California law. The Court specified that its denial was "without prejudice to filing renewed summary judgment motions if the parties determine that no genuine factual disputes exist on this question." (Dkt. No. 348 at 25). Relatedly, the Court noted that "to the extent this issue is not amenable to resolution on a statewide basis, the Court's prior class certification ruling might need to be revisited." (Dkt. No. 348 at 25 fn. 10).

At the outset, Defendants do not contend that there are no genuine factual disputes on this issue, and have serious reservations as to whether this issue would be suitable for summary judgment on a statewide basis. At a minimum, extensive discovery would be required as to the approval processes of each of the 32 counties' board of supervisors, district attorney offices, and counties themselves relative to the administrative fees attendant to the district attorneys' bad check diversion programs. Defendants would also require discovery into how those counties whose district attorneys operated their bad check diversion programs in-house, such as San Francisco County and San Luis Obispo County, in order to determine how counties approved diversion program-related fees where no private contractor was involved. Such discovery would be consistent with the Court's comments and analysis on page 24 of its summary judgment ruling, concerning the benefit conferred on the *counties* relative to the fees charged, and whether such a benefit constitutes profit, revenue, and/or a reasonable cost of providing the service and activity for which the fee is charged. (Dkt. No. 348 at 24). As

Plaintiffs effectively seek to induce the birth of a California in which all diversion programs are operated in-house by district attorneys' offices themselves, it is imperative to determine whether such programs (which have been operating for decades) would be consistent with California law.

Defendants anticipate that, following the issuance of these numerous document subpoenas, they would then need to depose various current and former county officials involved in the fee approval process. As the underlying events occurred over a decade ago in most instances, and there has been a general turnover in local governments since that time, Defendants anticipate difficulty in locating and obtaining the testimony of those individuals with the most knowledge concerning the approval of the diversion program-related fees.

Before the parties undertake such an expensive and time-consuming investigation, Defendants respectfully request that this Court entertain briefing on whether the Court should continue to exercise jurisdiction over the sole remaining issue in this case: whether the administrative fees were not permitted under California law. The Court posed this question during the November 1, 2018 hearing on Plaintiffs' motion for class certification, stating that this "was an issue that [the Court] would want to have further discussion about." (Dkt. No. 286 at 68:24-25). Given the evident federalism concerns, the Court noted that the issue of whether a particular fee is authorized under California law "seems like it is something that is much better decided by a state court than a federal court." (Dkt. No. 286 at 69:22-24). At that hearing, the Court envisioned the very situation the parties are now in – where all other issues, except the lawfulness of the fees, have been excised from the case. The Court indicated that if it found itself in such a situation, it may order the parties to "go to state court to do that; I'm going to abstain from that question, or I'm going to decline to exercise supplemental

jurisdiction on that question. If that's the sole issue you want to tee up, go to state court and let the state court decide whether the state's own program is being violated or not." (Dkt. No. 286 at 70:5-11).

The scenario outlined by the Court at the November 1, 2018 hearing has come to pass. The only issue left in this case concerns an examination, on a county-by-county basis, of the various administrative fees and whether they are permitted under California law. Defendants agree that this issue is one best suited for resolution by a California state court. "State courts have concurrent jurisdiction over claims under the FDCPA." *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972, 997 (2013); *Dey v. Cont'l Cent. Credit,* 170 Cal. App. 4th 721, 730 (2008) (finding that challenged fees did not violate FDCPA). Given this, Defendants would appreciate the opportunity to set a briefing schedule as to whether the Court should abstain from deciding this issue.

Should this case proceed before this Court, Defendants anticipate filing a motion for judgment on the pleadings and/or joinder under FRCP 19 due to the failure to join the 32 counties as defendants. The counties, not Defendants, were the parties who approved the administrative fees at issue. Thus, the Court would be tasked with whether the county boards of supervisors, or other bodies of various California counties, complied with California law. Any resulting judgment would affect each of these counties by determining that they either had or had not violated California law, and would have a far-reaching impact on the fee approval processes employed by the county boards of supervisors presently and in the future. More fundamentally, California law places the burden on local governments, not private entities, to justify the imposition of any fee, tax, or levy. *See* Cal. Const., art. XIII C, § 1, subd. (e) (to prove fee is not a tax, "local government bears the burden of proving ... that the manner in

which those costs are allocated to a payor bear a fair or reasonable relationship to the payor's burdens on, or benefits received from, the governmental activity," and "that the amount is no more than necessary to cover the reasonable costs of the governmental activity"); *see also City of San Buenaventura v. United Water Conservation Dist.*, 3 Cal.5th 1191, 1210 (2017).

The Court's denial of Defendants' prior motion to dismiss under FRCP 12(b)(7) was based on the fact that the class certified concerned the pre-CFPB settlement letter series, and thus a ruling would not require the district attorneys to alter their current letters. (Dkt. No. 302 at 19:15-24). The Court has now ruled that the letters themselves are not misleading under the FDCPA. (Dkt. No. 348 at 16-22). However, the legality of the administrative fees has not been addressed. The diversion programs have continued to charge these fees following the CFPB settlement. It is undisputed that the CFPB settlement did not alter the county approval process or the administrative fees at issue. Here, not only does the California Constitution task the counties with the burden of defending these fees, but any judgment would necessarily reach the legality of actions that continue to be undertaken by the absent counties, relative to the fee approval process.

Moreover, in addition to being user fees, because the diversion programs were aimed at preventing bad check offenses, the fees supporting the programs could also be labeled as regulatory fees. Given strict page limits and the multiple claims and parties involved, Defendants were unable to brief this issue in connection with the prior summary judgment cross-motions. Any future discovery by Defendants would inquire into this issue as well. As long as the local enactments are not in conflict with general laws, the power to impose valid regulatory fees is not dependent on any legislatively authorized taxing power, but exists pursuant to the direct grant of police power under article XI, section 7 of the California

Constitution. *Plumas Cty. v. Wheeler*, 149 Cal. 758, 767 (1906); *Sinclair Paint Co. v. State Bd. of Equalization*, 15 Cal. 4th 866, 880 (1997) (the fact that a fee, like all regulatory fees, was necessarily aimed at raising "revenue" to defray the cost of a regulatory program does not automatically render the fee a "tax"); *City of Oakland v. Superior Court*, 45 Cal. App. 4th 740, 755 (1996) (local fee on liquor licenses was valid regulatory fee stemming from local police power); *Evans v. City of San Jose*, 3 Cal. App. 4th 728, 739 (1992) (upholding fee that was "neither a true regulatory fee nor a true special assessment.").

A regulatory fee does not require a precise cost-fee ratio. *California Assn. of Prof'l Scientists v. Dep't of Fish & Game*, 79 Cal. App. 4th 935, 950 (2000). Legislators need only apply sound judgment and consider probabilities according to the best honest viewpoint of informed officials in determining the amount of the fee. *Id.* at 945. The government bears the burden of proof. *Id.* The government must establish (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. *Id.* The record need only demonstrate a reasonable relationship between the fees to be charged and the estimated cost of the service or program to be provided; that requirement may be satisfied by evidence showing only that the fees will generate substantially less than the anticipated costs. *Id.* at 945-956

Additionally, should this case proceed before this Court, Defendants anticipate filing a motion to decertify the class, as suggested in the Court's summary judgment ruling. (Dkt. No. 348 at 25 fn. 10). Although substantial discovery would first need to be conducted, as discussed above, Defendants anticipate that the variations between the 32 California counties with respect to the approval of the diversion programs' administrative fees would not make this

issue suitable to determination on a statewide basis. For instance, at a minimum, the amount of each fee at issue varied between the counties – they were not uniform. Likewise, certain larger counties utilized a Request for Proposal process with respect to establishing their bad check diversion programs, while smaller counties did not. In any event, Defendants will not be in a position to file a motion to decertify class until further discovery has been completed.

Given these numerous preliminary issues, as well as the fact that Defendants do not agree that no factual dispute exists, Defendants believe that it would be highly premature to set any briefing schedule for renewed summary judgments motions. Defendants do not believe that summary judgment (including its propriety) should be revisited until, at a minimum: (1) the Court has entertained briefing on whether it will continue to exercise jurisdiction of this action; (2) Defendants have filed a motion for judgment for judgment on the pleadings and/or joinder of the absent counties; (3) discovery has been re-opened and completed; and (4) the Court has ruled on Defendants' motion to decertify class.

3.    Amendment of Pleadings:

Plaintiffs do not anticipate further amendment of their Second Amended Complaint.

4.    Discovery:

Fact discovery closed on January 31, 2018. (Dkt. No. 170). The Court granted Plaintiffs' motion to reopen discovery for the limited purpose of allowing Plaintiffs to complete discovery of third-party Global Payment Check Services on November 26, 2018. (Dkt. No. 295). On March 4, 2019, the Court granted Plaintiffs' motion to reopen discovery for the limited purpose of requiring Defendants to respond to Plaintiffs' proposed interrogatories and document requests regarding the factual basis of four of Defendants' asserted affirmative defenses. (Dkt. No. 312).

In its order on the parties' cross motions for summary judgment, the Court identified the several factual questions that prevented summary judgment of Plaintiffs' claim that Defendants charged fees not authorized by law and Defendants' claim that such fees were permitted by California law. (Dkt. No. 348 at 25). Should these claims be addressed, discovery would need to be re-opened to allow the parties to take discovery on the issues of whether the fees Defendants charged to class members that are not expressly authorized by California's Bad Check Diversion Act (BDCA) are permitted under California law.

Plaintiffs' Position.

Plaintiffs request that the Court reopen discovery on the limited issue of whether Defendants' fees are user fees under California law. Plaintiffs believe that discovery on the issue of user fees can be completed in 120 days. Plaintiffs intend to serve subpoenas on the board of supervisors and the district attorney's office for each of the 32 counties in which Defendants operated during the class period in substantially the same form as Exhibit 1. The parties have discussed the possibility of issuing joint subpoenas and agreed to work amicably to determine whether they can do so.

Plaintiffs previously served public records requests on the district attorney's office for each of the 32 counties in which Defendants operated during the class period. None of the counties produced an ordinance purportedly authorizing user fees. However, since the requests were directed to the district attorney's offices, the possibility exists that appropriate ordinances are maintained by the boards of supervisors. Of the 21 counties that produced documents in response to Plaintiffs' request, only 5 counties—Colusa, Fresno, Glenn, Madera, and Santa Cruz—produced documents relating to the county board of supervisors' approval of the district attorney's office's contract with Defendants or their predecessors.

Plaintiffs disagree with Defendants' assessment that further discovery would take six to eight months. At all times, Plaintiffs have alleged that Defendants' fees are not permitted by state law. Defendants now ask for extended time period for discovery on the issues of whether the fees they charge are user fees or "regulatory fees," a theory that Defendants first raised this week. (*See* Dkt. Nos. 320, 329). There is no reason to believe evidence exists to support Defendants' new legal theories or that further discovery will be as extensive as Defendants predict. For instance, if the fees are user fees under California Government Code § 25332, as argued by Defendants on summary judgment (Dkt. No. 320 at 10), the fees must have been adopted by ordinance and subject to the findings enumerated in California Government Code § 25336. Thus, the county boards of supervisors and district attorney's offices either possess the required ordinance and related findings or other relevant documents regarding the approval of fees and the cost of operating a bad check restitution program, such as ordinances, resolutions, or studies, or they don't. Defendants do not explain what relevant knowledge could be obtained from deposing individual county employees that could justify the considerable expense to the parties, or why Defendants did not previously conduct such discovery to support their own legal theories.

Plaintiffs request leave to serve an additional interrogatory on each defendant asking for the identity of each individual whose testimony Defendants intend to rely upon to support the assertion that any fees Defendants charged to class members that are not expressly permitted by the BCDA are user fees under California law. Plaintiffs' proposed interrogatory is attached hereto as Exhibit 2. As an alternative to serving an additional interrogatory, Plaintiffs request that the Court order Defendants to amend their initial disclosures to list any witness whose testimony they intend to rely upon in support of or opposition to cross motions for summary

judgment at least thirty days prior to the close of the period set by the Court for discovery relating to the fees. Plaintiffs also request leave to depose any individual that Defendants identify.

Plaintiffs request leave to serve an additional document request on each defendant for all documents reflecting or relating to any consideration or approval by any California county board of supervisors of any bad check restitution program or contract between Defendants and any county district attorney's office, including but not limited to resolutions, orders, ordinances, reports, user fee studies, fiscal impact studies, or meeting minutes. Plaintiffs' proposed document request is attached hereto as Exhibit 3.

Defendants' Position

As discussed above, prior to reopening discovery, Defendants request the Court first entertain briefing as to whether it will continue to exercise jurisdiction over the remaining issue in this case: whether the diversion program fees are permissible under California law. Should this case proceed before this Court, Defendants would then request the opportunity to file a motion for judgment on the pleadings and/or joinder of the absent counties, for failure to name necessary and indispensable parties. In the event this case remains pending after these events, Defendants agree that discovery would need to be reopened. However, the anticipated discovery would be extensive and fact-intensive. Until the guidance issued by the Court in its summary judgment motion, neither party had explored discovery concerning the fee approval process on the county-level. This issue had never been reached in any prior decision concerning bad check diversion programs, and neither party had cause to anticipate it would be. Defendants estimate that such discovery would take at least 6 to 8 months to complete.

Should discovery be reopened, Defendants are amenable to issuing joint subpoenas with Plaintiffs to the board of supervisors and district attorney's office for each of the 32 counties at issue. At a minimum, this would result in 64 separate document subpoenas. Additionally, Defendants would serve subpoenas of each of the 32 counties themselves, regarding the approvals of the administrative fees at issue. Defendants also wish to serve subpoenas on those California counties that operated their bad check diversion programs in-house, in order to determine how fee were approved for those programs, and thus whether the fee approval processes in the other 32 counties was consistent. Defendants will continue to meet and confer with Plaintiffs on the document requests to be included in any joint subpoenas.

Given the multitude of subpoenas and expected volume and age of any responsive documents, it is expected that many counties will require extensions of time in order to complete their document productions. It is further expected that, upon completion of the review of these responsive documents, that Defendants will notice the depositions of those current and former county officials with personal knowledge concerning the approval of the diversion program fees in dispute. As many of these approvals occurred over a decade ago, it is anticipated that many of these individuals may no longer be in government, and will be need to be located in order to be served with deposition subpoenas. It is also reasonable to anticipate that such former government employees will expect to be represented by counsel for the various counties, and that their retention for that purpose will take time. Given all these factors, Defendants cannot realistically anticipate completing this further discovery in less than six to eight months. Indeed, even this schedule may prove to be too conservative, given the multitude of subpoena, the remote time period, and the anticipated number of resulting witnesses and documents.

With respect to Plaintiffs' request to serve additional interrogatories on Defendants, Defendants contend that any such interrogatories are premature, as Defendants have not even begun discovery into the approval of the diversion program fees by the 32 counties, and presently cannot anticipate which witnesses would be called at the time of trial to support Defendants' position that the fees were permissible under California law. Plaintiffs have also exceeded their limit of 25 interrogatories for both VSI and NCG. For the same reasons, the Court should deny without prejudice Plaintiffs' request that Defendants be ordered to amend their initial disclosures to identify any witnesses they intend to rely on with respect to this issue in any renewed cross-motion for summary judgment. As discussed, Defendants have not agreed that summary judgment motions should be renewed, and will not be in a position to opine on this issue unless and until discovery is reopened and completed.

To the extent Plaintiffs wish to serve a further document request, any responsive documents already in Defendants' possession, custody, or control should have been produced. However, to extent Defendants still have additional responsive documents, they do not oppose this additional document request, provided the Court had first ruled on the preliminary issues discussed above.

5.    Class Actions:

On December 12, 2018, the Court certified the following classes:

> **UCL Class:** All persons in California to whom the defendants
> sent an initial collection demand in connection with a returned
> check at any time from September 1, 2011, to May 7, 2015, and
> who subsequently paid any fees to the defendants in response to
> that letter.

**FDCPA Class:** All persons in California to whom the defendants sent a collection demand in connection with a returned check from whom the defendants attempted to collect or collected money for checks written for personal, family, or household purposes, from December 1, 2013, to May 7, 2015.

(Dkt. No. 297).

　　　6.　　Related Cases

The parties are not aware of any currently pending related cases. The CFPB's action was resolved.

　　　7.　　Settlement and ADR

The parties have participated in three private mediations in Los Angeles with Bruce Friedman, Esq. of JAMS serving as neutral. The matter has not resolved.

　　　8.　　Proposed Case Schedule:

Plaintiffs' Proposed Case Schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Deadline to complete discovery on issue of the legality of fees | April 9, 2020 |
| Due date for first brief on summary judgment | May 8, 2020 |
| Hearing on cross motions for summary judgment | July 9, 2020 |

Defendants' Proposed Case Schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Opening brief on issue of whether the Court will continue to exercise jurisdiction over the issue of whether the diversion fees are permitted under California law | January 10, 2020 |

| Event | Proposed Date |
|---|---|
| Answering brief on issue of whether the Court will continue to exercise jurisdiction over the issue of whether the diversion fees are permitted under California law | February 7, 2020 |
| Reply brief on issue of whether the Court will continue to exercise jurisdiction over the issue of whether the diversion fees are permitted under California law | February 21, 2020 |
| Deadline for Defendants' motion for judgment on the pleadings and/or joinder of absent counties [should Court retain jurisdiction] | March 13, 2020 |
| Hearing on Defendants' motion for judgment on the pleadings and/or joinder of absent counties | April 16, 2020 |
| Deadline to complete discovery on issue of legality of fees | 6 to 8 months after Court's ruling on Defendants' motion for judgment on the pleadings and/or joinder of absent counties |
| Further case management conference re: filing of motion to decertify class and/or renewed cross-motions for summary judgment | Upon completion of discovery. |

9.    Trial:

The case will be tried to a jury. The parties anticipate a one-week trial, though

dispositive motions may further narrow the issues for trial.

RESPECTFULLY SUBMITTED AND DATED this 4th day of December, 2019.

TERRELL MARSHALL LAW GROUP PLLC     FREEDMAN & TAITELMAN, LLP

By: /s/ Beth E. Terrell, CSB #178181
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    Blythe H. Chandler, *Admitted Pro Hac Vice*
    Email: bchandler@terrellmarshall.com
    Maria Hoisington-Bingham, *Pro Hac Vice*
    Email: mhoisington@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Paul Arons
    Email: lopa@rockisland.com
    LAW OFFICE OF PAUL ARONS
    685 Spring Street, Suite 104
    Friday Harbor, Washington 98250
    Telephone: (360) 378-6496
    Facsimile: (360) 378-6498

    Michael F. Ram, CSB #104805
    Email: mram@robinskaplan.com
    ROBINS KAPLAN LLP
    2440 West El Camino Real, Suite 100
    Mountain View, California 94040
    Telephone: (650) 784-4040
    Facsimile: (650) 784-4041

    Deepak Gupta, *Admitted Pro Hac Vice*
    Email: deepak@guptawessler.com
    GUPTA WESSLER PLLC
    1735 20th Street, NW
    Washington, DC 20009
    Telephone: (202) 888-1741
    Facsimile: (202) 888-7792

    *Attorneys for Plaintiffs*

By: /s/ Michael A. Taitelman, CSB #156254
    Michael A. Taitelman, CSB #156254
    Email: mtaitelman@ftllp.com
    Sean M. Hardy, CSB #266446
    Email: smhardy@ftllp.com
    1901 Avenue of the Stars, Suite 500
    Los Angeles, California 90067
    Telephone: (310) 201-0005
    Facsimile: (310) 201-0045

    *Attorneys for Defendants Victim Services,*
    *Inc., National Corrective Group, Inc.,*
    *American Justice Solution, Inc., Birch Grove*
    *Holdings, Inc., Mats Jonsson, and Thomas*
    *Jonsson*

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on December 4, 2019, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification to

all registered CM/ECF users:

> Michael A. Taitelman, CSB #156254
> Email: mtaitelman@ftllp.com
> Sean M. Hardy, CSB #266446
> Email:  smhardy@ftllp.com
> FREEDMAN & TAITELMAN, LLP
> 1901 Avenue of the Stars, Suite 500
> Los Angeles, California 90067
> Telephone: (310) 201-0005
> Facsimile: (310) 201-0045
>
> *Attorneys for Defendants*

DATED this 4th day of December, 2019.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By:  /s/ Beth E. Terrell, CSB #178181
>     Beth E. Terrell, CSB #178181
>     Email: bterrell@terrellmarshall.com
>     936 North 34th Street, Suite 300
>     Seattle, Washington 98103-8869
>     Telephone: (206) 816-6603
>     Facsimile: (206) 319-5450
>
> *Attorneys for Plaintiffs*

— **EXHIBIT 1** —

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| KAREN SOLBERG, et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:14-cv-05266-VC |
| VICTIM SERVICES, INC., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> See Exhibit A

| Place: | Date and Time: |
|---|---|
| | |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/26/2019

_CLERK OF COURT_

OR

_____     /s/ Maria Hoisington-Bingham
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs
_____ , who issues or requests this subpoena, are:

Maria Hoisington-Bingham, 936 N. 34th St., #300, Seattle, WA 98103; 206-816-6603; mhoisington@terrellmarshall.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:14-cv-05266-VC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT A**</u>

**DEFINITIONS AND INSTRUCTIONS**

"**Bad Check Restitution Program**" or "**BCRP**" means any program operated by, or in the name of, the District Attorney's Office for [ADD] County, including, but not limited to, programs operated by **CorrectiveSolutions** or American Corrective Counseling Services.

"**CorrectiveSolutions**" means any of the following, National Corrective Group, Inc., Victim Services, Inc., American Justice Solutions, Inc., Mats Jonnson, Karl Thomas Jonsson, and their affiliates, subsidiaries, employees, agents, attorneys, officers or directors.

"**Document**" includes electronic records and transmissions, and writings and recordings as defined in Fed. R. Evid. 1001, including, without limitation, any written material, whether typed, handwritten, printed or otherwise, and whether in draft or final form, of any kind or nature, or any photograph, photostat, microfilm or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of any telephone or in-person conversation, any financial statement, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other computer generated matter, contract or order, technical report, laboratory report or notebook, engineering report, patent, registration or mark, application for a copyright, trademark or patent, patent appraisal, infringement search or study, and all mechanical and electronic audio and video recordings or transcripts thereof, and other data compilations from which information can be obtained and translated; if necessary, by Defendant into reasonably usable form. Electronic mail is included within the definition of the terms "document" or "documents." A draft or non-identical copy is a separate document within the meaning of the term.

**"Person"** and **"Persons"** shall mean and includes any natural person, firm, association, partnership, joint venture, corporation, estate, trust, receiver, syndicate, municipal corporation, and any other form of legal entity or other group or combination acting as a unit.

**"Relating"** (or "relate") shall mean: pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, concerning, identifying, or in any way logically or factually connected with the matter discussed.

"**You**" and "**Your**" means the Board of Supervisors for [ADD] County.

The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

Please produce documents in the categories set forth below. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (1) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (2) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (3) state what privilege is claimed; and (4) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (1) the date of its disposition; (2) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (3) an explanation of the circumstances surrounding the disposition of the document.

**"ELECTRONICALLY STORED INFORMATION" ("ESI")** shall include ANY information as defined by the Federal Rules of Civil Procedure and the case law developing those rules. PLAINTIFFS request that ESI be processed and produced in a manner that preserves ALL metadata and that the parties confer regarding the production of metadata prior to the gathering and processing of ESI.

The Relevant Time Period for these requests, unless otherwise stated, is December 1, 2010 to the present.

## DOCUMENTS TO BE PRODUCED

1.  All **documents relating** to any resolution, order, ordinance, or other approval issued by **you** regarding the operation of any **bad check restitution program**, including but not limited to resolutions, orders, ordinances or other approvals regarding the fees charged to participants of any bad check restitution program.

2.  All **documents relating** to the estimated or actual cost of operating any **bad check restitution program**, including but not limited to reports, user fee studies, recommendations, fiscal impact studies, or meeting minutes.

3.  All correspondence between the Office of the District Attorney of [ADD] County and **you relating** to the operation of any **bad check restitution program**, including but not limited to the estimated or actual cost of operating any bad check diversion program.

— **EXHIBIT  2** —

Michael F. Ram, CSB #104805
Email: mram@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*


## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN SOLBERG, NANCY MORIN, and NARISHA BONAKDAR, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTIM SERVICES, INC., d/b/a CorrectiveSolutions, NATIONAL CORRECTIVE GROUP, INC., d/b/a CorrectiveSolutions, AMERICAN JUSTICE SOLUTIONS, INC., d/b/a CorrectiveSolutions, BIRCH GROVE HOLDINGS, INC., MATS JONSSON and KARL THOMAS JONSSON,<br><br>Defendants. | NO. 3:14-cv-05266-VC<br><br>**PLAINTIFFS' FIFTH SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT VICTIM SERVICES, INC.**<br><br>Honorable Vince Chhabria<br><br><u>CLASS ACTION</u><br><br>**DEMAND FOR TRIAL BY JURY**<br><br>DATE:<br>TIME:          10:00 a.m.<br>LOCATION:  Courtroom 4 - 17th Floor |

TO:     VICTIM SERVICES, INC., Defendant; and

TO:     YOUR ATTORNEYS OF RECORD.


        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the following Fifth

Set of Interrogatories are propounded to you and your attorneys of record.  These Fifth Set of

Interrogatories are intended to draw upon the combined knowledge of you, your agents, and your attorneys.

      1.    <u>Interrogatories</u>

Pursuant to Rule 33, submit your answers to these Interrogatories in writing and under oath to the undersigned counsel within thirty (30) days from the date of service upon you.  In answering these Interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives, or by any of your attorneys.  Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information and belief.  If any of these Interrogatories cannot be answered in full, after exercising due diligence to secure the information requested, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion or portions.

If privilege is claimed as to the information sought in any Interrogatory, state the nature of the privilege claimed, and identify the dates, subject matter, locations, documents, and parties involved in the communications, activities, or information that is claimed to be privileged.

These Interrogatories are continuing in nature.  In accordance with Rule 26, you are required to supplement your answers to the Interrogatories in the event new or additional information becomes known to you.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated herein, you may, in lieu thereof, attach the documents in their

original state and condition and segregated and separated with an identification of the Interrogatory or Interrogatories to which they are submitted as being responsive. Produce each such document in a manner that preserves its sequential relationship with other documents being produced, including the file folder, and folder tabs associated with its file location, and if not apparent on the folder or tabs, accompanied by identification of the person or department from whose files it was taken, and such additional source information as is necessary to enable the parties to determine the document's original pre-production location.

## I. DEFINITIONS

Throughout these Interrogatories, including the definition of terms, the words used in the masculine gender include the feminine, and the words used in the singular include the plural. Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or" — that is, "and/or." Wherever the word "including" appears, the meaning intended is "including but not limited to."

As used throughout these Interrogatories, the following terms have the following indicated meanings:

1.     "ALL" means "EVERY" and includes "EACH" and "ANY," and vice versa.

2.     "CERTEGY" means Certegy Check Services, Inc., CPRS, Inc., Complete Payment Recovery Services, Inc., or any entity owned or controlled by FIS.

3.     "CHECK WRITER" means any person whom you contacted, or attempted to contact, who had written a check that you were attempting to COLLECT.

4.     "COLLECT" and "COLLECTION" means any attempt to collect the amount of a dishonored check written in California, or any fees or charges arising from the dishonor,

whether or not the attempt was made in whole or in part in connection with a program purportedly operated pursuant to an agreement with a district attorney.

5.     "CORRESPONDENCE" includes ALL letters, telegrams, notices, messages, or other written communications or memoranda, including electronic communications, or other records of conversations, meetings, conferences or other oral communications.

6.     "DATE" shall mean the exact day, month, and year if ascertainable or, if not, the best approximation, including ANY known relationship to other events.

7.     "DEFENDANT" means Victim Services, Inc. and its attorneys, and ANY employees, agents, or PERSONS working on DEFENDANT'S behalf, and if applicable, DEFENDANT'S subsidiaries, predecessors or assignors, as well as ANY directors, officers, employees, agents, partners, or PERSONS acting on behalf of DEFENDANT.

8.     "DISHONORED CHECK," "RETURNED CHECK," and "UNPAID CHECK" mean a check that was dishonored upon presentment by the bank upon which it was drawn.

9.     "document" means all writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced or reproduced or archived or stored, within YOUR possession or subject to YOUR control, of which YOU have knowledge or to which YOU now have or previously had access, including all ELECTRONICALLY STORED INFORMATION.

10.     "ELECTRONICALLY STORED INFORMATION" ("ESI") shall include ANY information as defined by the Federal Rules of Civil Procedure and the case law developing those rules.  PLAINTIFF requests that ESI be processed and produced in a manner that preserves ALL metadata and that the parties confer regarding the production of metadata prior to the gathering and processing of ESI.

11. "EMPLOYED" and "EMPLOYEE" shall include any PERSON having regular, ongoing responsibilities for some aspect of YOUR operations, whether the PERSON is classified as an EMPLOYEE, independent contractor, or consultant.

12. "FORM LETTER" refers to any computer-generated letter that follows a standardized format that YOU used or use in the ordinary course of the business of collecting DISHONORED CHECKS, for communicating with check writers, MERCHANTS, or YOUR clients. The "INITIAL FORM LETTER" is the first letter that is sent to a check writer when YOU initiate contact with the check writer.

13. "INDIVIDUAL," "PERSON," or "PERSONS" shall mean natural persons, proprietorships, sole proprietorships, corporations, nonprofit corporations, municipal corporations, local, state, federal or foreign governments or governmental agencies, political subdivisions, general or limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations.

14. "MERCHANT" refers to (a) the payee of a check YOU have attempted or are attempting to COLLECT, whether or not the collection attempt is purportedly part of a criminal diversion program, or pursuant to a contract with a district attorney; or (b) any holder, assignee, creditor, debt collector or other entity that has referred a check YOU have attempted or are attempting to COLLECT, whether or not the collection attempt is purportedly part of a criminal diversion program, or pursuant to a contract with a district attorney.

15. "VSI" means Defendant Victim Services, Inc., its attorneys, employees, managers, officers, agents, consultants, advisors, representatives or PERSONS working on their behalf, and ANY directors, officers, employees, managers, agents, partners, principals, or PERSONS acting on its behalf.

16. "PLAINTIFFS" means KAREN SOLBERG, NANCY MORIN, and NARISHA BONAKDAR, PLAINTIFFS' attorneys, and ANY employees, agents, or PERSONS working on PLAINTIFFS' behalf.

17. "POLICY" or "POLICIES" shall mean EACH rule, procedure, or directive, formal or informal, and EACH common understanding or course of conduct which was recognized as such by YOUR present or former officers, agents, employees or other PERSONS acting or purporting to act on YOUR behalf, which was in effect at ANY time during the period covered by these Discovery Requests and which includes ANY change of POLICY.

18. "PROGRAM" refers to ANY activity conducted pursuant to an agreement with ANY California district attorney for YOU to administer a "Bad Check Restitution Program."

19. "RELATING TO" or "REFERRING TO" (including other verb tenses of those terms) means describing, evidencing, constituting, reflecting, showing, comprising, considering, concerning, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

20. "SECOND AMENDED COMPLAINT" refers to Plaintiffs' Second Amended Class Action Complaint filed in this proceeding.

21. "TELECHECK" means Telecheck, Inc., TRS Recovery Services, Inc., or any entity owned or controlled by First Data Corporation.

22. "YOU," and "YOUR," means DEFENDANT Victim Services, Inc., its attorneys, employees, managers, officers, agents, consultants, advisors, representatives or PERSONS working on their behalf, and ANY directors, officers, employees, managers, agents, partners, principals, or PERSONS acting on its behalf.

## II. RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for these discovery requests is from September 1, 2011 to May 8, 2015.

## III. INTERROGATORIES

**INTERROGATORY NO. 37:** Identify ALL witnesses whose testimony YOU intend to rely upon to support YOUR assertion that the fees YOU charge that are not expressly permitted by California's Bad Check Diversion Act are user fees under California law, the documents to be relied upon by the witnesses, and the topics on which the witnesses will testify.

**ANSWER:**

FIFTH INTERROGATORIES PROPOUNDED AND DATED this 4th day of December, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, *Admitted Pro Hac Vice*
Email: bchandler@terrellmarshall.com
Maria Hoisington-Bingham, *Admitted Pro Hac Vice*
Email: mhoisington@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Paul Arons, CSB #84970
Email: lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street, Suite 104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

Deepak Gupta, *Admitted Pro Hac Vice*
Email: deepak@guptawessler.com
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

Michael F. Ram, CSB #104805
Email: mram@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

*Attorneys for Plaintiffs*

## <u>CERTIFICATION OF ATTORNEY</u>

I am the attorney for Defendant Victim Services, Inc. in this matter, and I hereby certify that I have read the foregoing Plaintiffs' Fifth Set of Interrogatories Propounded to Defendant Victim Services, Inc.; and the Answers thereto, and believe that the same are in compliance with Civil Rule 26(g).

DATED this _____ day of _____, 2019.


By: _____

*Attorneys for Defendant Victim Services, Inc.*

## <u>VERIFICATION</u>

STATE OF _____  )
                                               ) ss.

COUNTY OF _____  )

       I, _____, declare under penalty of perjury:  I am the

_____ of Defendant Victim Services, Inc.; I have read the within and

foregoing Plaintiffs' Fifth Set of Interrogatories Propounded to Defendant Victim Services,

Inc.; and the Answers thereto, know the contents thereof, and believe the same to be true and

correct.

                                 **By:** _____

       SUBSCRIBED AND SWORN to before me this _____ day of _____, 2019.

                               _____

                               (Printed Name) _____

                               NOTARY PUBLIC in and for the State of

                               _____ residing at _____

                               My Commission Expires:_____

— **EXHIBIT  3** —

Michael F. Ram, CSB #104805
Email: mram@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN SOLBERG, NANCY MORIN, and NARISHA BONAKDAR, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTIM SERVICES, INC., d/b/a CorrectiveSolutions, NATIONAL CORRECTIVE GROUP, INC., d/b/a CorrectiveSolutions, AMERICAN JUSTICE SOLUTIONS, INC., d/b/a CorrectiveSolutions, BIRCH GROVE HOLDINGS, INC., MATS JONSSON and KARL THOMAS JONSSON,<br><br>Defendants. | NO. 3:14-cv-05266-VC<br><br>**PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT VICTIM SERVICES, INC.**<br><br>Honorable Vince Chhabria<br><br><u>CLASS ACTION</u><br><br>**DEMAND FOR TRIAL BY JURY**<br><br>DSATE:<br>TIME:      10:00 a.m.<br>LOCATION:  Courtroom 4 - 17th Floor |

TO:    VICTIM SERVICES, INC., Defendant; and
TO:    YOUR ATTORNEYS OF RECORD.

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the following

Sixth Set of Requests for Production of Documents are propounded to you and your attorneys

of record.  These Requests for Production of Documents are intended to draw upon the combined knowledge of you, your agents, and your attorneys.

Pursuant to Rule 34, you are directed to provide a written response to these Requests for Production of Documents and produce and make available for inspection and copying all of the documents requested herein in their original state and condition at the offices of Terrell Marshall Law Group PLLC, 936 North 34th Street, Suite 300, Seattle, Washington, 98103, thirty (30) days after service of this request, or at such other time and place as may be mutually agreed upon by the parties.  Deliver each document produced in a manner that preserves its sequential relationship with other documents being produced, including the file folder and folder tab associated with its file location, and if not apparent on the folder or tab, accompanied by identification of the person or department from whose files it was taken and such additional source information as is necessary to enable the parties to determine the document's original pre-production location.

When documents are produced pursuant to these Request for Production of Documents, the documents are to be produced in a manner so that the particular request to which they are responsive can be readily identified.

These Requests for Production of Documents are continuing in nature.  In accordance with Rule 26, you are requested to supplement your responses to these requests in the event that new or additional information within their scope becomes known to you.

If any document is withheld under a claim of privilege, please:

a.       Identify such document with sufficient particularity as to author(s), addressee(s), recipient(s), and subject matter and contents to allow the matter to be brought before the court;

b.       State the nature of the privilege(s) asserted; and

c.      State in detail the factual basis for the claim of privilege.

Throughout these Requests for Production of Documents, including the definition of terms, the words used in the masculine gender include the feminine, and the words used in the singular include the plural.  Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or" — that is, "and/or."  Wherever the word "including" appears, the meaning intended is "including but not limited to."

## I. DEFINITIONS

As used throughout these Requests for Production of Documents, the following terms have the following indicated meanings:

1.      "ALL" means "EVERY" and includes "EACH" and "ANY," and vice versa.

2.      "CERTEGY" means Certegy Check Services, Inc., CPRS, Inc., Complete Payment Recovery Services, Inc., or any entity owned or controlled by FIS.

3.      "CHECK WRITER" means any person whom you contacted, or attempted to contact, who had written a check that you were attempting to COLLECT.

4.      "COLLECT" and "COLLECTION" means any attempt to collect the amount of a dishonored check written in California, or any fees or charges arising from the dishonor, whether or not the attempt was made in whole or in part in connection with a program purportedly operated pursuant to an agreement with a district attorney.

5.      "CORRESPONDENCE" includes ALL letters, telegrams, notices, messages, or other written communications or memoranda, including electronic communications, or other records of conversations, meetings, conferences or other oral communications.

6.      "DATE" shall mean the exact day, month, and year if ascertainable or, if not, the best approximation, including ANY known relationship to other events.

7. "DEFENDANT" means Victim Services, Inc. and its attorneys, and ANY employees, agents, or PERSONS working on DEFENDANT'S behalf, and if applicable, DEFENDANT'S subsidiaries, predecessors or assignors, as well as ANY directors, officers, employees, agents, partners, or PERSONS acting on behalf of DEFENDANT.

8. "DISHONORED CHECK," "RETURNED CHECK," and "UNPAID CHECK" mean a check that was dishonored upon presentment by the bank upon which it was drawn.

9. "document" means all writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced or reproduced or archived or stored, within YOUR possession or subject to YOUR control, of which YOU have knowledge or to which YOU now have or previously had access, including all ELECTRONICALLY STORED INFORMATION.

10. "ELECTRONICALLY STORED INFORMATION" ("ESI") shall include ANY information as defined by the Federal Rules of Civil Procedure and the case law developing those rules. PLAINTIFF requests that ESI be processed and produced in a manner that preserves ALL metadata and that the parties confer regarding the production of metadata prior to the gathering and processing of ESI.

11. "EMPLOYED" and "EMPLOYEE" shall include any PERSON having regular, ongoing responsibilities for some aspect of YOUR operations, whether the PERSON is classified as an EMPLOYEE, independent contractor, or consultant.

12. "FORM LETTER" refers to any computer-generated letter that follows a standardized format that YOU used or use in the ordinary course of the business of collecting DISHONORED CHECKS, for communicating with check writers, MERCHANTS, or YOUR clients. The "INITIAL FORM LETTER" is the first letter that is sent to a check writer when YOU initiate contact with the check writer.

13.     "INDIVIDUAL," "PERSON," or "PERSONS" shall mean natural persons, proprietorships, sole proprietorships, corporations, nonprofit corporations, municipal corporations, local, state, federal or foreign governments or governmental agencies, political subdivisions, general or limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations.

14.     "MERCHANT" refers to (a) the payee of a check YOU have attempted or are attempting to COLLECT, whether or not the collection attempt is purportedly part of a criminal diversion program, or pursuant to a contract with a district attorney; or (b) any holder, assignee, creditor, debt collector or other entity that has referred a check YOU have attempted or are attempting to COLLECT, whether or not the collection attempt is purportedly part of a criminal diversion program, or pursuant to a contract with a district attorney.

15.     "PLAINTIFFS" means Karen Solberg, Nancy Morin and Narisha Bonakdar, PLAINTIFFS' attorneys, and ANY employees, agents, or PERSONS working on PLAINTIFFS' behalf.

16.     "POLICY" or "POLICIES" shall mean EACH rule, procedure, or directive, formal or informal, and EACH common understanding or course of conduct which was recognized as such by YOUR present or former officers, agents, employees or other PERSONS acting or purporting to act on YOUR behalf, which was in effect at ANY time during the period covered by these Discovery Requests and which includes ANY change of POLICY.

17.     "PROGRAM" refers to ANY activity conducted pursuant to an agreement with ANY California district attorney for YOU to administer a "Bad Check Restitution Program."

18.     "RELATING TO" or "REFERRING TO" (including other verb tenses of those terms) means describing, evidencing, constituting, reflecting, showing, comprising,

considering, concerning, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

19. "SECOND AMENDED COMPLAINT" refers to Plaintiffs' Second Amended Class Action Complaint filed in this proceeding.

20. "TELECHECK" means Telecheck, Inc., TRS Recovery Services, Inc., or any entity owned or controlled by First Data Corporation.

21. "VSI" means Defendant Victim Services, Inc., its attorneys, employees, managers, officers, agents, consultants, advisors, representatives or PERSONS working on their behalf, and ANY directors, officers, employees, managers, agents, partners, principals, or PERSONS acting on its behalf.

22. "YOU," "YOUR," and "VSI" means DEFENDANT Victim Services, Inc., its attorneys, employees, managers, officers, agents, consultants, advisors, representatives or PERSONS working on their behalf, and ANY directors, officers, employees, managers, agents, partners, principals, or PERSONS acting on its behalf.

## II. RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for these discovery requests is from September 1, 2011 to May 8, 2015.

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 58:  Please produce ALL DOCUMENTS relating to any consideration or approval by any California county board of supervisors of any bad check restitution program or contract between Defendants and any county district attorney's office, including but not limited to resolutions, orders, ordinances, reports, user fee studies, fiscal impact studies, or meeting minutes.

RESPONSE:


REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED AND DATED

this 4th day of December, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, *Admitted Pro Hac Vice*
Email: bchandler@terrellmarshall.com
Maria Hoisington-Bingham, *Admitted Pro Hac Vice*
Email: mhoisington@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Paul Arons, CSB #84970
Email: lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street, Suite 104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

Deepak Gupta, *Admitted Pro Hac Vice*
Email: deepak@guptawessler.com
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

Michael F. Ram, CSB #104805
Email: mram@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

*Attorneys for Plaintiffs*

## <u>CERTIFICATION OF ATTORNEY</u>

I am the attorney for Defendant Victim Services, Inc. in this matter, and I hereby certify that I have read the foregoing Plaintiffs' Sixth Set of Requests for Production of Documents Propounded to Defendant Victim Services, Inc., and the Responses thereto, and believe that the same are in compliance with Civil Rule 26(g).

DATED this _____ day of _____, 2019.


By: _____
    Michael A. Taitelman
    Sean M. Hardy

*Attorneys for Defendant Victim Services, Inc.*