1                                             PAGES 1 - 24

2                      UNITED STATES DISTRICT COURT

3                     NORTHERN DISTRICT OF CALIFORNIA

4                 BEFORE THE HONORABLE VINCE CHHABRIA

5    KAREN SOLBERG, NANCY MORIN, AND       )
     NARISHA BONAKDAR, ON THEIR OWN        )
6    BEHALF AND ON BEHALF OF OTHERS        )
     SIMILARLY SITUATED,                   )
7                                          )
                     PLAINTIFF,            )
8                                          )
       VS.                                 )  NO. 14-CV-5266 VC
9                                          )
     VICTIM SERVICES, INC., D/B/A          )
10   CORRECTIVESOLUTIONS, NATIONAL         )
     CORRECTIVE GROUP, INC., D/B/A         )
11   CORRECTIVESOLUTIONS, AMERICAN         )
     JUSTICE SOLUTIONS, INC., D/B/A/       )
12   CORRECTIVESOLUTIONS, BIRCH GROVE      )
     HOLDINGS, INC., MATS JONSSON AND      )
13   KARL THOMAS JONSSON,                  )
                                           )  SAN FRANCISCO, CALIFORNIA
14                   DEFENDANTS.           )  WEDNESDAY
                                           )  DECEMBER 11, 2019
15   _____)

16

17    **TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

18          **RECORDING   10:25 A.M. - 10:53 A.M.**

19   **APPEARANCES**:

20   **FOR PLAINTIFF**           TERRELL MARSHALL DAUDT AND WILLIE PLLC
                                 936 N. 34TH ST., SUITE 300
21                               SEATTLE, WASHINGTON 98103
                            BY:  **BLYTHE H. CHANDLER, ESQUIRE**
22                               **BETH E. TERRELL, ESQUIRE**

23   (FURTHER APPEARANCES ON FOLLOWING PAGE)

24

     *TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
25                    *RETIRED OFFICIAL COURT REPORTER, USDC*

1    **APPEARANCES (CONTINUED):**

2    **FOR DEFENDANT**          FREEDMAN & TAITELMAN LLP
                                 1901 AVENUE OF THE STARS #500
3                               LOS ANGELES, CALIFORNIA 90067
                        BY:  **MICHAEL ANDREW TAITELMAN, ESQUIRE**
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1   WEDNESDAY, DECEMBER 11, 2019                    10:25 A.M.
2                           ---O0O---
3              ELECTRONICALLY RECORDED PROCEEDINGS
4         THE CLERK:  CALLING CASE NO. 14-CV-5266, SOLBERG, ET
5   AL., VERSUS VICTIM SERVICES, INC., ET AL.
6         COUNSEL, PLEASE STEP FORWARD AND STATE YOUR
7   APPEARANCES.
8         MS. CHANDLER:  GOOD MORNING, YOUR HONOR.  BLYTHE
9   CHANDLER FOR PLAINTIFF.
10        THE COURT:  GOOD MORNING.
11        MR. TAITELMAN:  HI, GOOD MORNING, YOUR HONOR.  MIKE
12  TAITELMAN FOR THE DEFENDANTS.
13        THE COURT:  GOOD MORNING.  OKAY.  SO, AGAIN, I READ
14  THIS A COUPLE OF DAYS AGO, SO I MAY BE MISREMEMBERING SOME OF
15  THE DETAILS, BUT I REMEMBER THIS BETTER THAN THE PREVIOUS ONE,
16  AND MY IMPRESSION OF IT WAS THAT, YOU KNOW, YOU'RE MAKING THIS
17  MUCH MORE COMPLICATED THAN IT NEEDS TO BE.  IT'S -- IT SHOULD
18  BE A RELATIVELY SIMPLE TASK TO GET THE DOCUMENTS THAT YOU NEED
19  TO GET FROM THE COUNTIES TO DETERMINE HOW THE FEES WERE ADOPTED
20  AND HOW THEY WERE JUSTIFIED.
21        IF IT WERE SAN FRANCISCO, YOU WOULD JUST WALK ACROSS
22  THE STREET AND GO TO THE BOARD OF SUPERVISORS' OFFICE AND TELL
23  THEM THE LEGISLATIVE FILE YOU WANT, AND THEY'D GIVE IT TO YOU
24  IN AN HOUR, AND YOU COULD COPY IT, AND YOU'D HAVE THE MATERIAL
25  YOU NEED.
```

1           IT MAY NOT BE QUITE LIKE THAT IN ALL -- AT ALL COUNTY

2     BOARDS OF SUPERVISORS, BUT I DON'T SEE ANY NEED FOR YOU TO BE,

3     YOU KNOW, SUBPOENAING ANYBODY.  I THINK YOU CAN ACT LIKE A

4     MEMBER OF THE PUBLIC AND MAKE A PUBLIC RECORDS ACT REQUEST AND

5     GET THE INFORMATION YOU NEED.

6           AND YOU DON'T NEED TO BE TAKING THE DEPOSITIONS OF

7     ANYBODY ASSOCIATED WITH THE BOARD OF SUPERVISORS OR THE DA'S

8     OFFICES FOR ANY -- AS IT RELATES TO THE FEE ISSUE.  YOU CAN

9     JUST FIGURE OUT HOW EACH OF THE FEES WERE ADOPTED AND

10    JUSTIFIED, AND THEN -- THEN COME BACK, AND WE CAN HAVE MOTIONS

11    FOR SUMMARY JUDGMENT ON IT.

12          IF THERE'S A PROBLEM, IF I'M WRONG ABOUT THAT, YOU

13    CAN COME BACK AND TELL US THAT YOU WERE UNABLE TO GET THE

14    INFORMATION YOU NEEDED, AND YOU CAN EXPLAIN WHY, BUT I'M

15    SOMEWHAT DOUBTFUL THAT YOU'LL NEED TO DO THAT.

16          **MR. TAITELMAN:**  SO THERE'S NOT THAT MUCH OF A

17    DIFFERENCE IN TERMS OF TIMING ON DISCOVERY IN THE TWO

18    PROPOSALS.  THEY TALKED ABOUT 120 DAYS, AND WE SAID SIX TO

19    EIGHT MONTHS, SO SIX IS NOT ALL THAT DIFFERENT.  I THINK BOTH

20    SIDES FEEL THAT THERE WOULD BE A NEED FOR SUBPOENAS.  AND

21    REMEMBER, YOUR HONOR, A LOT --

22          **THE COURT:**  YOU MAY FEEL THAT WAY, BUT YOU HAVE TO

23    EXPLAIN WHY.

24          **MR. TAITELMAN:**  WELL, I CAN EXPLAIN.

25          **THE COURT:**  THERE'S BEEN NO EXPLANATION WHY.

1           **MR. TAITELMAN:**  THERE HAVE BEEN FOIA REQUESTS MADE,

2     PUBLIC RECORDS REQUESTS MADE, AND DOCUMENTS PROVIDED BY SOME

3     COUNTIES, OTHERS NONE, AND IN THOSE --

4           **THE COURT:**  WELL, I'M NOT SURE YOU KNEW WHAT YOU WERE

5     ASKING FOR AT THE TIME, IS MY SENSE.

6           **MR. TAITELMAN:**  RIGHT.

7           **THE COURT:**  I MEAN, I DON'T -- I DON'T KNOW THAT THIS

8     ISSUE THAT SORT OF NOW REMAINS DANGLING IN THIS CASE WAS AT THE

9     FRONT OF ANYBODY'S MIND WHEN YOU WERE DOING DISCOVERY.

10          **MR. TAITELMAN:**  WELL, THAT MAY BE TRUE, BUT SOME

11    COUNTIES DID PROVIDE THAT INFORMATION.  I THINK REQUESTS WERE

12    WORDED BROADLY.  THEY DIDN'T COME FROM OUR OFFICE, SO I CAN LET

13    COUNSEL SPEAK TO IT.  BUT SOME COUNTIES NEVER RESPONDED.

14    OTHERS PROVIDED, I THINK, INCOMPLETE INFORMATION.  SOME

15    PROVIDED SOME OF THE INFORMATION THAT WE'RE INTERESTED IN.  SO

16    I THINK BOTH SIDES FELT THAT WE WOULD NEED SUBPOENAS.

17          THE OTHER ISSUE, YOUR HONOR, THESE PROGRAMS IN MANY

18    COUNTIES --

19          **THE COURT:**  BUT IT SHOULD BE, BUT THE WAY THAT THE

20    FEES WERE ADOPTED AND THE JUSTIFICATION PROVIDED FOR ADOPTING

21    THEM SHOULD BE A MATTER OF PUBLIC RECORD IN EVERY COUNTY.

22          **MR. TAITELMAN:**  I AGREE.

23          **THE COURT:**  AND ANY MEMBER OF THE PUBLIC SHOULD BE

24    ABLE TO GET THAT IF THEY KNOW HOW TO GO ABOUT IT.

25          **MR. TAITELMAN:**  I AGREE.

1          **THE COURT:**  AND I JUST DON'T THAT YOU ALL PUT -- I

2     DON'T -- I'M NOT CRITICIZING YOU.  IT'S -- IT'S SORT OF BEEN A

3     SIDE ISSUE UNTIL NOW.

4          **MR. TAITELMAN:**  RIGHT.

5          **THE COURT:**  AND I JUST DON'T THINK ANYBODY REALLY

6     FOCUSED ON GETTING THAT INFORMATION.

7          **MR. TAITELMAN:**  EXCEPT SOME OF THESE PROGRAMS DATE

8     BACK A VERY LONG TIME, AND THE FEES HAVE CHANGED OVER TIME.

9     AND THE COURT'S ANALYSIS -- IN THE COURT'S ANALYSIS I THINK THE

10    QUESTION OF THE AMOUNT OF FEES CHARGED IS GERMANE, AND, SO,

11    THERE MAY BE THE NEED TO GO BACK, AT LEAST DURING THE CLASS

12    PERIOD, TO EXPLORE ANY CHANGES IN THE FEES.  AND REMEMBER --

13         **THE COURT:**  BUT, AGAIN, IN SAN FRANCISCO, I MEAN,

14    EVERY TIME -- EVERY TIME A FEE IS INCREASED, THEY ESTABLISH A

15    NEW JUSTIFICATION FOR THE FEE AND THE NEW AMOUNT.

16         **MR. TAITELMAN:**  IT'S NOT LIKE THAT IN ALL COUNTIES.

17    I MEAN, THERE ARE A LOT OF SMALLER COUNTIES.  THERE'S 32

18    COUNTIES AT ISSUE, WHICH, OF COURSE, BRINGS UP ONE OF OUR

19    CONCERNS, AND I THINK THE COURT'S CONCERN AS WELL, WHICH IS

20    EVEN AMENABLE TO A STATEWIDE ANALYSIS.

21         AND, YOU KNOW, BACK ON NOVEMBER 1ST WHEN WE WERE HERE

22    ARGUING CLASS CERT, THE COURT -- I MEAN, THERE'S A PRETTY

23    ROBUST DISCUSSION IN THE TRANSCRIPT ABOUT YOUR CONCERNS, IF

24    WE'RE REALLY LEFT WITH JUST THIS CLASS FEE ISSUE, ISN'T THIS

25    REALLY A MATTER FOR A STATE COURT TO DECIDE, WHICH IS ONE OF

1    THE ISSUES WE RAISED IN THE JOINT STATEMENT.  SO THAT IS

2    (SIMULTANEOUS COLLOQUY.)

3        **THE COURT:**  YEAH, BUT ON THAT, I'M NOT REALLY SURE --

4    I'M NOT SURE THIS FITS WITH ANY -- WITHIN ANY ABSTENTION

5    DOCTRINE.  I MEAN, THIS IS A FEDERAL CLAIM, AND IT IS DEPENDENT

6    ON THE RESOLUTION OF THE STATE LAW QUESTION, BUT IT IS A

7    FEDERAL CLAIM.  I MEAN, WHICH ABSTENTION DOCTRINE DO YOU THINK

8    THIS FITS IN?

9        **MR. TAITELMAN:**  I HAVEN'T -- I HAVEN'T THOUGHT ABOUT

10   THAT, I JUST --

11       **THE COURT:**  I MEAN, SO CAN BRIEF -- I MEAN, WHEN WE

12   HAVE BRIEFING ON SUMMARY JUDGMENT -- AFTER YOU DO THE DISCOVERY

13   AND AFTER YOU -- AND WHEN YOU FILE SUMMARY JUDGMENT BRIEFS, YOU

14   CAN INCLUDE AN ARGUMENT ABOUT ABSTENTION IF YOU IDENTIFY ONE

15   THAT'S APPROPRIATE HERE, BUT I'M NOT GOING TO ALLOW THAT TO

16   DELAY THIS CASE EVEN FURTHER.

17       **MS. CHANDLER:**  YOUR HONOR, MAY I JUST SAY THAT WE DID

18   PROPOSE SUBPOENAS BECAUSE, IN OUR EXPERIENCE -- AND WE HAVE

19   SENT NUMEROUS PUBLIC RECORDS REQUESTS IN THIS CASE AND

20   OTHERS -- THE RESPONSE TIME IS FASTER FOR A SUBPOENA RESPONSE,

21   AND THAT WAS WHY THAT WAS OUR PROPOSAL.  I WOULD REQUEST LEAVE

22   TO DO THAT, IF THAT'S ACCEPTABLE TO THE COURT, BUT I DON'T

23   THINK --

24       **THE COURT:**  WELL, I MEAN, MY CONCERN IS THAT YOU'RE

25   GOING TO BE ASKING FOR TOO MUCH, BECAUSE I THINK THAT ALL

1    YOU -- SO, I MEAN, I WOULD ENTERTAIN THE IDEA OF SUBPOENAS AS

2    LONG AS THEY'RE APPROPRIATELY NARROWLY TAILORED, BECAUSE ALL

3    YOU SHOULD NEED FOR THIS QUESTION IS THE MATERIAL THAT IS IN

4    THE PUBLIC RECORD, IN THE BOARD OF -- IN THE LEGISLATIVE FILE.

5          YOU SHOULDN'T NEED ANYBODY -- ANY DOCUMENTS IN

6    ANYBODY'S, YOU KNOW -- YOU KNOW, IN ANY INDIVIDUAL COUNTY

7    EMPLOYEE'S SYSTEM.  YOU SHOULDN'T NEED TO TAKE ANYBODY'S

8    DEPOSITION, SURELY.  ALL -- THE QUESTION SHOULD BE ANSWERABLE

9    WITH REFERENCE TO THE MATERIAL IN THE LEGISLATIVE FILE, AND IF

10   THERE ISN'T MATERIAL IN THE LEGISLATIVE FILE, THAT QUITE

11   POSSIBLY MEANS THAT THE FEE WAS NOT ADOPTED IN ACCORDANCE WITH

12   CALIFORNIA LAW.

13         SO THAT WILL BE -- YOU KNOW, I DON'T -- I DON'T WANT

14   TO BE HARASSING THE COUNTIES AND MAKING THEM DO -- YOU KNOW,

15   WITH SUBPOENAS THAT REQUIRE THEM TO SEARCH THE EMAILS OF THEIR

16   EMPLOYEES AND ALL THAT KIND OF STUFF WHEN IT SEEMS VERY

17   UNLIKELY THAT THAT'S NOT NECESSARY TO ADJUDICATE THIS QUESTION.

18         **MS. CHANDLER:**  I ABSOLUTELY AGREE WITH THE COURT.  WE

19   PROVIDED A PROPOSED SUBPOENA WITH, I THINK, THREE REQUESTS.

20   IT'S EXHIBIT 1 TO THE JOINT STATUS REPORT.  IT'S PLAINTIFF'S

21   PROPOSAL.

22         I THINK THE OTHER TOPIC IT IS DIRECTED TO IS THE

23   ISSUE THE COURT RAISED IN ITS SUMMARY JUDGMENT ORDER REGARDING

24   THE AMOUNT -- THE REASONABLENESS OF THE AMOUNT OF THE FEE, AND

25   WE SOUGHT ANY RECORDS THAT MIGHT INDICATE ANY ANALYSIS

1    REGARDING THE REASONABLENESS OF THE AMOUNT IN ADDITION TO

2    LEGISLATIVE DOCUMENTS --

3             **THE COURT:**  BUT THAT SHOULD BE IN THE LEGISLATIVE

4    FILE.  I MEAN, AGAIN, IF IT'S -- YOU KNOW, IF IT -- IF IT WERE

5    SAN FRANCISCO, IT WOULD BE IN THE LEGISLATIVE FILE, AND I THINK

6    IT HAS TO BE IN THE LEGISLATIVE FILE.

7             **MS. CHANDLER:**  I AGREE WITH THE COURT, AND --

8             **THE COURT:**  AND I KNOW THERE'S THIS OTHER ISSUE THAT

9    YOU MENTIONED THAT THERE MAY BE REGULATORY FEES, AND YOU MAY BE

10   RIGHT ABOUT THAT.  I MEAN, INTUITIVELY, THAT SEEMS LIKE IT

11   COULD BE CORRECT.  I DON'T -- I DON'T KNOW.  I HAVEN'T GONE

12   BACK AND -- I HAVEN'T DEALT WITH THE REGULATORY FEE ISSUE IN A

13   WHILE.  AND I'M ALSO NOT FAMILIAR WITH THE -- YOU KNOW, THERE

14   MAY BE SOME I'S YOU GOT TO DOT AND T'S YOU GOT TO CROSS WHEN

15   YOU'RE ADOPTING REGULATORY FEES AS WELL, AND I DON'T KNOW WHAT

16   THOSE ARE, AND YOU ALL NEED TO FIGURE THAT OUT.

17            **MS. CHANDLER:**  MAY I SAY THERE, IN THE DEFENDANT'S

18   SUMMARY JUDGMENT BRIEFING, THEY SPECIFICALLY IDENTIFIED THREE

19   CATEGORIES OF FEES AND NAMED THESE AS USER FEES, NOT REGULATORY

20   FEES AND --

21            **THE COURT:**  THAT'S TRUE, BUT, I MEAN, NEITHER SIDE

22   ADDRESSED THIS ISSUE WITH ANY VIGOR.

23            **MS. CHANDLER:**  I WOULD SIMPLY SAY ON THAT POINT, THAT

24   IS WHY WE ARE REQUESTING THAT DEFENDANTS FILE THEIR FIRST BRIEF

25   FIRST, BECAUSE WE WANT TO KNOW WHAT LEGAL THEORIES THEY ARE

1   RELYING ON SO THAT WE CAN FULLY RESPOND TO THEM BECAUSE NEW

2   ONES SEEM TO APPEAR OFTEN.

3          **MR. TAITELMAN:**  YOUR HONOR, BACK TO DISCOVERY FOR A

4   MINUTE?  YOUR HONOR'S ORDER MAKES CLEAR THAT THE FEES ARE

5   ADOPTED BY BOARD OF SUPERVISORS, BUT THEN YOU POINT OUT THAT

6   THE GOVERNMENT CODE ALSO SAYS THAT THE PROCEDURES ARE AN

7   ALTERNATIVE TO ANY OTHER PROCEDURE PROVIDED BY LAW.  SO IT MAY

8   BE THAT IN SOME COUNTY IT ISN'T DIDN'T ADOPTED BY A BOARD OF

9   SUPERVISORS BUT BY SOME OTHER PROCESS, SO --

10          **THE COURT:**  YOU HAVE TO EDUCATE YOURSELF ON THE

11  PROCESSES BY WHICH THE COUNTIES CAN LAWFULLY ADOPT THESE FEES,

12  AND THEN YOU HAVE TO TARGET YOUR SUBPOENA --

13          **MR. TAITELMAN:**  EXACTLY.

14          **THE COURT:**  -- AT -- AT THAT --

15          **MR. TAITELMAN:**  SO I DIDN'T WANT THE SUBPOENA TO BE

16  LIMITED TO BOARD OF SUPERVISORS.  I THINK IT NEEDS TO BE THE

17  PRODUCT OF WHAT WE LEARN IN EDUCATING OURSELVES ABOUT THE

18  PROCESS UNDERTAKEN BY COUNTIES THAT DO THINGS DIFFERENTLY.

19  SMALL COUNTIES IN CALIFORNIA DO THINGS VERY DIFFERENTLY THAN

20  SAN FRANCISCO COUNTY.

21          SO, WE'VE GOT 32 COUNTIES, AND WE'VE GOT POTENTIALLY

22  STATEWIDE VERSUS COUNTYWIDE ISSUES, WHICH, I THINK, HAVE TO

23  ALSO BE ADDRESSED.  I MEAN, THE COURT NOTED THAT THERE MAY BE

24  DECERTIFICATION ISSUES THAT HAVE TO BE RAISED.  NOW, THAT'S

25  POST DISCOVERY.  AND AGAIN IF THAT -- TO ME, THAT'S POST

1    DISCOVERY AND PRE SUMMARY JUDGMENT.  I UNDERSTAND THE

2    ABSTENTION ISSUE YOU WANT RAISED IN A SUMMARY JUDGMENT PROCESS,

3    THAT'S FINE, BUT I DO THINK THE DECERTIFICATION PROCESS THAT I

4    THINK IS GOING TO BE RELEVANT HERE, WHICH THE COURT HAS ALREADY

5    FLAGGED, COMES BETWEEN THOSE EVENTS, DISCOVERY, FOLLOWED BY

6    THAT, FOLLOWED BY SUMMARY JUDGMENT.

7              **THE COURT:**  WHY COULDN'T WE DO IT AT THE SAME TIME IF

8    YOU WANT TO FILE A MOTION TO --

9              **MR. TAITELMAN:**  WE COULD.

10             **THE COURT:**  -- DECERTIFY THE CLASS.

11             **MR. TAITELMAN:**  WE COULD.  I MEAN, I'M NOT SURE IT'S

12   AS EFFICIENT, BUT WE CERTAINLY COULD.

13             **MS. CHANDLER:**  WELL, I THINK YOUR HONOR IS CORRECT

14   THAT AT MOST THEY SHOULD BE TOGETHER BECAUSE IT'S -- WE BELIEVE

15   IT IS GOING TO BE A SIMPLE MATTER OF WHAT IS A PERMISSIBLE

16   ADOPTION OF A FEE AND WHAT ISN'T AND ARE THERE ANY RECORDS THAT

17   SUPPORT PERMISSIBLE ADOPTION, AND WE DON'T THINK THERE ARE

18   GOING TO BE --

19             **THE COURT:**  SO I LOOKED AT THE -- I HAVEN'T LOOKED AT

20   THE LANGUAGE OF YOUR PROPOSED SUBPOENA, BUT, I MEAN, I'M

21   ALREADY -- I ALREADY HAVE CONCERNS ABOUT IT.  I MEAN, ALL

22   DOCUMENTS RELATING TO ANY RESOLUTION ORDER, ORDINANCE, OR OTHER

23   APPROVAL ISSUED BY YOU REGARDING THE OPERATION OF ANY BAD

24   CHECKS RESTITUTION PROGRAM, INCLUDED BUT NOT LIMITED TO

25   RESOLUTIONS, ORDERS, ET CETERA, REGARDING THE APPROVAL OF FEES.

1    THAT IMPLIES SOMETHING MORE THAN WHAT'S IN THE PUBLIC RECORD,

2    RIGHT?  AND IT IMPLIES THE CORRESPONDENCE BACK AND FORTH

3    AMONGST, YOU KNOW, INDIVIDUAL EMPLOYEES LEADING UP TO THE

4    ENACTMENT OF THE RESOLUTION, AND I DON'T THINK THAT'S

5    APPROPRIATE IN THIS CASE.

6           **MS. CHANDLER:**  I -- I THINK WE DRAFTED IT THAT WAY

7    WITH -- BECAUSE WE UNDERSTOOD MR. TAITELMAN'S POSITION AFTER

8    CONFERRING, AS WELL AS, YOU KNOW, WHAT HE WAS POINTING TO IN

9    THE ORDER SUGGESTING THAT THERE MIGHT BE SOME OTHER PERMISSIBLE

10   APPROVAL PROCESS.  I COMPLETELY --

11          **THE COURT:**  AND THAT'S FINE, BUT THE PUBLIC RECORD OF

12   THE APPROVAL, RIGHT?  AND I DON'T KNOW HOW TO ARTICULATE IT,

13   BUT YOU NEED TO FIGURE OUT A WAY TO ARTICULATE IT THAT IS NOT

14   GOING TO CAUSE THEM TO START RIFLING THROUGH THEIR CLIENTS'

15   EMAILS.

16          **MS. CHANDLER:**  I HAVE NO CONCERN ABOUT DOING THAT.

17   THANK YOU.

18          **MR. TAITELMAN:**  AND WE -- AND WE CAN WORK JOINTLY,

19   OBVIOUSLY, TO GET TO A JOINT SUBPOENA.  I DON'T THINK WE WANT

20   COMPETING SUBPOENAS.  BUT IF THE FEES CAN BE APPROVED IN A

21   VARIETY OF WAYS, WHICH THE GOVERNMENT CODE SEEMS TO

22   CONTEMPLATE, THEN I THINK WE HAVE TO ADDRESS IT WITH A

23   RELATIVELY BROAD BRUSH TO AT LEAST SAY DOCUMENTS THAT EVIDENCE

24   THE APPROVAL OF THE FEES BY THE COUNTY, SIMPLY PUT.

25          **THE COURT:**  BUT YOU'VE GOT TO FIGURE OUT HOW TO WORD

1   IT IN A WAY THAT'S NOT GOING TO -- THAT MAKES CLEAR THAT WHAT

2   YOU'RE LOOKING FOR IS THE STUFF THAT'S IN THE PUBLIC RECORD, OR

3   THAT IS SUPPOSED TO BE IN THE PUBLIC RECORD.

4          AND THEN -- SO, THE THIRD ITEM, ALL CORRESPONDENCE

5   BETWEEN THE OFFICE OF THE DISTRICT ATTORNEY -- AND IF, YOU

6   KNOW, IF IT TURNS OUT IF THAT STUFF COMES BACK AND YOU HAVE --

7   YOU -- YOU REACH A CONCLUSION THAT THAT'S NOT ENOUGH TO PERMIT

8   ME TO ADJUDICATE THE QUESTION, THEN YOU CAN ARGUE THAT IN THE

9   SUMMARY JUDGMENT MOTION.  OR IF YOU BOTH ARE IN AGREEMENT ON IT

10  AND YOU WANT TO COME BACK EARLIER TO TALK ABOUT IT, YOU CAN DO

11  THAT, BUT I JUST DON'T -- I THINK THAT'S UNLIKELY TO BE

12  NECESSARY.

13         SO WHAT ABOUT THIS THIRD CATEGORY?  CORRESPONDENCE

14  BETWEEN THE OFFICE OF THE DA AND YOU, AND I DON'T KNOW WHO

15  "YOU" IS, EXACTLY.  "YOU" IS THE COUNTY?  BOARD OF SUPERVISOR,

16  THE COUNTY?

17         **MS. CHANDLER:**  IT'S THE BOARD OF SUPERVISORS IN THE

18  DEFINITION.  WE WERE CONTEMPLATING SENDING THESE TO THE BOARD

19  OF SUPERVISORS.

20         **MR. TAITELMAN:**  IT SHOULD BE THE COUNTY AS WELL.

21         **THE COURT:**  WELL, THE DA IS PART OF THE COUNTY, SO

22  BETWEEN THE DA AND THE COUNTY DOESN'T QUITE MAKE SENSE.  BUT

23  YOU -- SO -- SO, BUT I'M -- I -- I QUESTION WHETHER THIS THIRD

24  CATEGORY IS NECESSARY AT ALL, BECAUSE, AGAIN, YOU KNOW, IT --

25  UNLESS YOU CAN POINT TO SOMETHING WHICH SAYS THAT THEY CAN

14

1    JUSTIFY IT NON-PUBLICALLY, YOU KNOW, THAT THEY CAN JUSTIFY THE

2    FEE WITHOUT MAKING THAT PART OF THE PUBLIC RECORD, WHICH I

3    HIGHLY DOUBT, THEN -- THEN I DON'T THINK THE CORRESPONDENCE

4    BETWEEN THE DA'S OFFICE AND THE COUNTY OR -- AND THE COUNTY

5    BOARD OF SUPERVISORS, OR SOME OTHER ENTITY WITHIN THE COUNTY,

6    IS NECESSARY FOR ADJUDICATION OF THIS QUESTION.

7              **MS. CHANDLER:**  I APPRECIATE WHAT THE COURT'S SAYING.

8    I'LL JUST EXPLAIN THAT ON PAGE 24 OF THE SUMMARY JUDGMENT

9    ORDER, THE COURT SAID THAT IF THE AMOUNTS PAID BY COUNTIES TO

10   VICTIM SERVICES FOR THE CLASS FEES ARE EXCESSIVE AND

11   DISPROPORTIONATE, THEN THEY ARE, IN FACT, UNLAWFUL TAXES.  I

12   OMITTED A PARENTHESIS THERE.

13             IT SAYS, PARENTHESES, "AND, THEREFORE, IF THE AMOUNTS

14   COLLECTED FROM PARTICIPANTS ARE EXCESSIVE AND DISPROPORTIONATE,

15   THEY ARE, IN FACT, UNLAWFUL TAXES," AND I THINK WHAT WE WERE

16   GETTING AT THERE WAS ANY EVIDENCE THAT I -- ANY COUNTY ENTITY

17   MAY HAVE REGARDING THE REASONABLENESS VERSUS THE EXCESSIVENESS

18   OF THE FEE.

19             **THE COURT:**  BUT I THINK THE POINT IS THAT THAT HAS TO

20   BE JUSTIFIED IN THE PUBLIC RECORD, AND I THINK THAT IF IT'S NOT

21   JUSTIFIED IN THE PUBLIC RECORD, THAT'S GOING TO BE THE END OF

22   THE MATTER AS TO THE LEGALITY OF THE FEES.

23             **MS. CHANDLER:**  I AGREE WITH THE COURT.

24             **MR. TAITELMAN:**  THAT'S WHERE I -- THAT'S WHERE I

25   DIVERGE.

1          **THE COURT:**  WELL, YOU NEED TO COME BACK AND -- AND

2    SHOW ME THAT'S THE CASE, AND YOU HAVEN'T DONE THAT.

3          **MR. TAITELMAN:**  RIGHT, AND I'M HAPPY TO DO THAT, BUT

4    I THINK THE SCOPE OF THE SUBPOENA NEEDS TO CAPTURE THIS

5    REASONABLENESS ISSUE.

6          **THE COURT:**  I DON'T AGREE THAT IT NEEDS TO GO BEYOND

7    WHAT'S IN THE PUBLIC RECORD, AND I'M NOT GOING TO ALLOW IT TO

8    GO BEYOND WHAT'S IN THE PUBLIC RECORD UNLESS YOU SHOW THAT

9    WOULD BE RELEVANT TO THE ISSUE, AND YOU HAVEN'T SHOWN THAT YET.

10         SO IT'S GOING -- YOUR DISCOVERY REQUESTS ARE LIMITED

11   TO WHAT'S IN THE PUBLIC RECORD, SO YOU CAN --

12         **MR. TAITELMAN:**  RIGHT.

13         **THE COURT:**  YOU CAN SUBMIT -- YOU CAN -- YOU CAN

14   SERVE SUBPOENAS, BECAUSE THAT WILL MAKE IT MORE EFFICIENT THAN

15   DOING PUBLIC RECORDS ACT REQUESTS OR WALKING ACROSS THE STREET

16   TO THE BOARD OF SUPERVISORS' OFFICE, BUT -- BUT IT'S LIMITED TO

17   MATTERS THAT ARE IN THE PUBLIC RECORD FOR NOW.

18         **MR. TAITELMAN:**  AND IF WE SEE OR DETERMINE THAT

19   SOMETHING THAT MAY NOT BE IN THE PUBLIC RECORD IS RELEVANT, WE

20   COME BACK VIA WHAT?  SOME SORT OF REQUEST, SUBMISSION OF A

21   STIPULATION?

22         **THE COURT:**  SUBMIT A DISCOVERY LETTER, REQUEST FOR A

23   ADDITIONAL THIRD-PARTY -- APPROVAL OF AN ADDITIONAL THIRD-PARTY

24   SUBPOENA OR SOMETHING LIKE THAT.

25         **MR. TAITELMAN:**  OKAY.

1    **THE COURT:**  AND, YOU KNOW, YOU TALKED ABOUT NEEDING

2    TO DO DISCOVERY OF COUNTIES THAT RUN IT IN HOUSE.  I DIDN'T

3    UNDERSTAND THAT.  I DON'T SEE THAT YOU NEED TO DO DISCOVERY ON

4    COUNTIES THAT RUN THEIR PROGRAMS IN HOUSE.

5    **MR. TAITELMAN:**  I THINK IT CERTAINLY GOES TO THE

6    REASONABLENESS QUESTION AND THE FEES, WHAT THEY CHARGE TO DO IT

7    IN HOUSE VERSUS WHAT'S CHARGED BY THE PRIVATE ENTITY.

8    **THE COURT:**  I DON'T SEE WHY, AND I DON'T SEE WHY YOU

9    WOULD WANT TO GO DOWN THAT ROAD, BECAUSE IT'S AN APPLES AND

10   ORANGES COMPARISON, WHEN THE GOVERNMENT IS DOING ITSELF

11   VERSUS -- VERSUS A PRIVATE -- THE GOVERNMENT HIRING A PRIVATE

12   ENTITY TO DO IT.

13   **MR. TAITELMAN:**  WELL, AGAIN, I THINK IT GOES TO THE

14   QUESTION OF -- I MEAN, IF THE ARGUMENT IS EXCESSIVE FEES ARE

15   TAXES, WHAT COUNTIES CHARGE TO RUN THESE PROGRAMS THEMSELVES

16   AND ADMINISTER OR HAVE THE CLASSES ADMINISTERED THEMSELVES TO

17   ME IS RELEVANT TO THE REASONABLENESS OF THE FEES CHARGED BY THE

18   PRIVATE ENTITY CONDUCTING THE CLASSES.

19   I MEAN, THERE'S GOING TO BE DIFFERENT FEES FOR

20   DIFFERENT COUNTIES.  I MEAN, THAT'S A FACT.  AND --

21   **THE COURT:**  AREN'T THE FEES GOING TO BE A LOT LOWER

22   CHARGED BY THE GOVERNMENT?

23   **MR. TAITELMAN:**  I DON'T KNOW.  I'M NOT SURE.  THAT'S

24   WHY I WANT TO INQUIRE INTO IT.  I MEAN, THAT MAY BE TRUE --

25   **THE COURT:**  OKAY.  WELL, IF THAT -- I MEAN, ON THOSE,

1   IF YOU WANT TO DO PUBLIC RECORDS ACTS REQUESTS, YOU CAN GO

2   AHEAD AND DO THOSE ON YOUR OWN, BUT I'M NOT GOING TO APPROVE

3   SUBPOENAS, BECAUSE I DON'T THINK THAT'S GOING TO BE RELEVANT TO

4   THIS QUESTION.  YOU CAN ALWAYS PROVE ME WRONG.

5           OKAY.  SO THAT LEAVES US SETTING A SCHEDULE FOR -- I

6   GUESS IT WOULD BE CROSS MOTIONS FOR SUMMARY JUDGMENT; IS THAT

7   RIGHT?

8           **MR. TAITELMAN:**  AND DECERTIFICATION.

9           **THE COURT:**  AND DECERTIFICATION, WHICH CAN ALL BE IN

10  ONE BRIEF AND CAN BE SUBJECT TO THE USUAL PAGE LIMITS.  SO

11  THE -- SO WHAT I WOULD LIKE -- I WOULD LIKE TO HAVE IT A LITTLE

12  BIT EARLIER THAN WHAT THE PLAINTIFF IS PROPOSING.  HOLD ON A

13  SECOND.

14          AND THIS IS JUST BECAUSE OF THE LAW CLERK TRANSITION.

15  IT'S A COMPLICATED ISSUE, AND I DON'T WANT TO HAVE SOMEBODY NEW

16  GET UP TO SPEED ON THIS.

17          YEAH.  SO LET'S DO -- WE'RE GOING TO -- WE'LL SET THE

18  HEARING DATE, AND THEN WE'LL MOVE BACKWARDS, AND WE'LL HAVE THE

19  HEARING DATE JUNE THE 18TH.

20          AND THEN SO WHEN DO YOU WANT TO -- LET'S SEE.  WE'LL

21  HAVE -- THE DEFENDANT CAN GO FIRST, AND DEFENDANT CAN FILE

22  THEIR BRIEF ON -- I DON'T KNOW -- ABOUT TWO MONTHS BEFORE THAT,

23  LET'S SAY.  LET'S TRY THAT.  I'M NOT SURE IT WILL WORK.

24  APRIL 17TH.

25          AND THEN HAVE THE -- THE PLAINTIFF'S FIRST BRIEF BE

1    THREE WEEKS LATER.  WHAT WOULD THAT BE?  MAY 8TH?  AND THEN

2    HAVE THE DEFENDANT'S NEXT BRIEF BE TWO WEEKS LATER, MAY 22ND.

3    AND THEN HAVE THE PLAINTIFF'S FINAL BRIEF BE ONE WEEK AFTER

4    THAT, MAY 23RD.  THAT WILL BE THE SCHEDULE.

5           **MR. TAITELMAN:**  THAT'S A COMBINED SUMMARY DECERT?

6           **THE COURT:**  YEAH.

7           **MR. TAITELMAN:**  WE CAN'T DO THEM SEPARATE?

8           **THE COURT:**  NO, NO.  DO IT IN ONE BRIEF.  NORMAL PAGE

9    LIMITS APPLY FOR CROSS MOTIONS FOR SUMMARY JUDGMENT.

10           **MR. TAITELMAN:**  AND WE RAISED AN ISSUE ABOUT A

11    12(B)(7) ISSUE ABOUT THE COUNTIES.  I MEAN, IT'S CERTAINLY

12    DIFFERENT THAN THE ISSUE WE TALKED ABOUT BEFORE.

13           **THE COURT:**  I DON'T REMEMBER THE ISSUE WE TALKED

14    ABOUT TOO WELL BEFORE, BUT MY SENSE IS THAT IT'S DIFFERENT.

15           **MR. TAITELMAN:**  RIGHT.  QUICKLY, IN THE PRIOR MOTION,

16    BECAUSE IT WAS ONLY PRE-CFPB LETTERS, THE WAY THE COUNTIES RAN

17    THE PROGRAMS TODAY POST CFPB WAS IRRELEVANT AND THEY SHOULDN'T

18    BE JOINED.

19           THIS IS DIFFERENT BECAUSE THESE ARE THE COUNTIES'

20    PROGRAMS.  THESE ARE THE FEES THAT ARE CHARGED PER THE

21    CONTRACTS WITH THE COUNTIES THAT ARE ONGOING.  AND I THINK

22    THERE'S LAW -- AND WE CITED IT IN OUR JOINT STATEMENT -- ABOUT

23    THE COUNTY HAVING TO BEAR THE BURDEN OF DEMONSTRATING THE FEES.

24    SO IN SOME WAYS --

25           **THE COURT:**  WELL, WHEN THE COUNTY IS SUED, THE COUNTY

1  HAS TO BEAR THE BURDEN OF DEMONSTRATING THE FEE, BUT THE COUNTY

2  HASN'T BEEN SUED HERE, SO THAT -- I MEAN, THAT SORT OF BEGS THE

3  QUESTION.

4          **MR. TAITELMAN:**  IT DOES.  I MEAN, WE TALKED ABOUT

5  THIS AT LENGTH ON THE SUMMARY JUDGMENT RULING.

6          **MS. CHANDLER:**  WELL --

7          **MR. TAITELMAN:**  WHY THIS IS THE SQUARE PEG/ROUND HOLE

8  PROBLEM.

9          **THE COURT:**  BUT YOUR POINT IS, YOU KNOW, THIS IS AN

10  ATTACK ON THE LEGALITY OF FEES THAT THE COUNTY IS COLLECTING,

11  AND AN ATTACK ON THE LEGALITY OF THE FEES THAT THE COUNTY --

12  YOU KNOW, THE PROCESS BY WHICH THE COUNTY HAS ADOPTED THESE

13  FEES.

14          **MS. CHANDLER:**  WELL, YOUR HONOR, THE FEES ARE SET IN

15  AN AMOUNT BY THE DEFENDANTS IN THEIR FORM CONTRACTS, WHICH,

16  YES, THERE IS ARGUABLY SOME LEVEL OF SUBSEQUENT APPROVAL BY THE

17  COUNTY, BUT THE MONEY IS PAID TO THE DEFENDANTS AND RETAINED BY

18  THE DEFENDANTS.  THE COUNTIES NEVER SEE THE CLASS B MONEY.

19          AND SO I DON'T THINK THERE IS -- WHAT WE ARE -- WE

20  ARE NOT ATTACKING THE OPERATION OF THE PROGRAMS.  WE'RE SEEKING

21  TO RECOVER THE MONEY OUR CLIENTS PAID TO THE DEFENDANTS.

22          **THE COURT:**  BUT THE -- BUT THE -- AS WE'VE DISCUSSED

23  AT LENGTH, THE COMPANY IS ACTING AS AN AGENT TO THE COUNTY, AN

24  AGENT OF THE DISTRICT ATTORNEY, AND EVERYTHING IT'S DOING IS ON

25  BEHALF OF THE DISTRICT ATTORNEY, AND IT HAS AN ARRANGEMENT WITH

1    THE DISTRICT ATTORNEY OR WITH THE COUNTY WHEREBY THE ATTORNEY

2    GET -- THE COUNTY GETS SOME OF MONEY FROM THE BAD CHECK

3    RESTITUTION PROGRAM, AND THE AGENT GETS TO KEEP SOME OF THE

4    MONEY FROM THE BAD CHECK RESTITUTION PROGRAM.  BUT THE FEES

5    ARE -- THEY ARE FEES THAT ARE LEVIED BY THE COUNTY AND

6    COLLECTED BY THE AGENT OF THE DA.

7              SO, IT CERTAINLY SEEMS TO ME TO BE AN ATTACK ON THE

8    LEGALITY OF THE FEES THAT ARE BEING COLLECTED BY THE COUNTY,

9    EVEN THOUGH, AS A PRACTICAL MATTER, YOU'RE RIGHT, MONEY -- THE

10   MONEY EXCHANGES HANDS BETWEEN THE -- BETWEEN THE PARTICIPANT

11   AND THE PROGRAM AND THE COMPANY, BUT THEN THE COMPANY IS

12   TRANSFERRING MONEY TO THE COUNTY, RIGHT?  THE COMPANY GETS TO

13   KEEP A CUT AND THE COUNTY GETS A CUT.

14        **MS. CHANDLER:**  WELL, THE MONEY THAT'S PAID TO THE

15   COUNTY IS THE ADMINISTRATIVE FEE THAT'S EXPRESSLY AUTHORIZED BY

16   THE BAD CHECK DIVERSION ACT, NOT ANY OF THESE CLASS FEES.

17        **THE COURT:**  BUT THE FEES, AT LEAST IN SOME OF THE

18   COUNTIES, ARE AUTHORIZED BY THE COUNTIES, RIGHT?  THE COUNTY

19   AUTHORIZES THE DA TO COLLECT THOSE FEES, AND THE COMPANY IS

20   COLLECTING THEM AS AN AGENT OF THE --

21        **MS. CHANDLER:**  EVEN IF --

22        **THE COURT:**  SO MAYBE THEY'RE LEGAL, AND MAYBE THEY'RE

23   NOT, BUT IT'S AN ATTACK ON -- I MEAN, TO THE EXTENT YOU HAVE AN

24   ORDINANCE WHICH SAYS DISTRICT ATTORNEY MAY, THROUGH ITSELF OR

25   ITS AGENT, COLLECT THESE CLASS FEES, YOU ARE ATTACKING THE

1    VALIDITY OF THAT ORDINANCE, RIGHT?

2            **MS. CHANDLER:**  I'VE NEVER SEEN SUCH AN ORDINANCE,

3    YOUR HONOR.  WHAT WE HAVE SEEN ARE BOARD -- COUNTY BOARD

4    MINUTES APPROVING A CONTRACT BETWEEN DEFENDANTS AND THE

5    DISTRICT ATTORNEYS.  SO I -- I DON'T -- I GUESS THERE IS A

6    FACTUAL ISSUE THERE, BUT WE ARE NOT AWARE OF ANY SUCH

7    ORDINANCE, AND WE HAVE LOOKED.

8            SO I -- YOU KNOW, I DON'T -- I THINK THERE IS -- I

9    UNDERSTAND THE POINT THAT WE NEED TO GET A COMPLETE RECORD AS

10   TO WHAT HAPPENED.  WE WILL DO THAT.  BUT I DON'T AGREE THAT THE

11   COUNTIES ARE NECESSARY PARTIES TO AN ACTION THAT SEEKS TO

12   RECOVER MONEY FROM A PRIVATE COMPANY THAT THE PRIVATE COMPANY

13   COLLECTED DIRECTLY FROM PRIVATE CITIZENS AND KEPT FOR ITSELF.

14           **THE COURT:**  BUT THE COUNTY IS SAYING, WE WANT OUR

15   AGENT TO COLLECT THESE FEES, AND THE -- AND WE AUTHORIZED OUR

16   AGENT TO COLLECT THESE FEES ON BEHALF OF THE COUNTY.  AND TO

17   THE EXTENT THAT THAT'S WHAT'S HAPPENING HERE, I DON'T -- I

18   DON'T SEE HOW IT'S NOT AN ATTACK ON THE COUNTY'S DECISION TO

19   COLLECT THE FEES.  AND IF IT'S AN ATTACK ON THE COUNTY'S

20   DECISION TO COLLECT THE FEES, THEN WHY DON'T -- WHY ISN'T IT A

21   REAL PROBLEM THAT THE COUNTY IS -- THAT THE COUNTIES ARE NOT

22   NAMED AS DEFENDANTS?

23           AND, BY THE WAY, I'M NOT SURE IF IT SHOULD BE THE

24   DISTRICT ATTORNEYS OR THE COUNTIES THEMSELVES.  I MEAN, YOU'VE

25   BEEN SPEAKING OF IT IN TERMS OF FAILURE TO NAME DISTRICT

1  ATTORNEYS AS INDISPENSABLE PARTIES OR AS NECESSARY PARTIES.

2  I'M NOT SURE THAT'S RIGHT.  I MEAN, I --

3         **MR. TAITELMAN:**  I AGREE, NOW IT'S -- NOW I THINK IT'S

4  NOT THE DISTRICT ATTORNEY.  THE PRIOR MOTION ADDRESSED THE DA'S

5  BECAUSE THE ISSUE THERE WAS THE FORM LETTERS THAT THE DA'S WERE

6  AUTHORIZING PER CONTRACT, BUT NOW IT'S A QUESTION OF THE FEES,

7  AND BECAUSE THOSE FEES ARE AUTHORIZED BY THE COUNTIES, AT LEAST

8  VIA CONTRACT -- AND WE'LL FIND OUT THE PROCESS THAT IS

9  UNDERTAKEN AT A COUNTY-WIDE LEVEL -- I DON'T SEE HOW THEY'RE

10  NOT NECESSARY PARTIES, ESPECIALLY WHEN CALIFORNIA LAW PUTS THE

11  BURDEN ON LOCAL GOVERNMENTS, NOT PRIVATE ENTITIES, TO JUSTIFY

12  FEES AND TAXES AND LEVIES AND THINGS OF THAT SORT.

13         **THE COURT:**  YEAH, I DON'T -- THAT LAST POINT YOU'RE

14  EMPHASIZING, I DON'T KNOW -- I THINK THAT'S JUST QUESTION

15  BEGGING ON THE QUESTION OF WHETHER THEY'RE NECESSARY PARTIES.

16         **MR. TAITELMAN:**  RIGHT.

17         **THE COURT:**  BUT IN ANY EVENT --

18         **MR. TAITELMAN:**  I THINK YOUR POINT IS THE

19  BETTER POINT.

20         (SIMULTANEOUS COLLOQUY.)

21         **THE COURT:**  IN ANY EVENT, I MEAN, THERE'S NO QUESTION

22  THAT YOU SHOULD BE PERMITTED TO MAKE THIS ARGUMENT.

23         **MR. TAITELMAN:**  OKAY.

24         **THE COURT:**  IT'S JUST A QUESTION OF -- IT'S JUST A

25  QUESTION OF WHEN IS THE MOST SENSIBLE TIME FOR YOU TO MAKE IT.

1          **MR. TAITELMAN:**  SO I'M --

2          **THE COURT:**  AND MY CONCERN NOW --

3          **MR. TAITELMAN:**  YEAH.

4          **THE COURT:**  -- IS THAT NOBODY -- STILL, TO THIS DAY,

5   NOBODY HAS A GOOD ENOUGH UNDERSTANDING OF HOW THESE FEE

6   APPROVALS WORK.

7          **MR. TAITELMAN:**  WE STARTED TO DIG IN --

8          **THE COURT:**  WITHOUT HAVING A BETTER UNDERSTANDING OF

9   IT, I'M NOT SURE I'M GOING TO BE IN A POSITION TO DECIDE THE

10  QUESTION.  SO THAT MIGHT BE AN ARGUMENT FOR DECIDING THAT

11  QUESTION AT THE SAME TIME WE DECIDE THE OTHER QUESTIONS ABOUT

12  DECERTIFICATION AND SUMMARY JUDGMENT.  SO LET'S DO THAT.

13         **MR. TAITELMAN:**  OKAY.  SO CAN THAT BE A SEPARATE

14  BRIEF AT LEAST?  I'M TRYING --

15         **THE COURT:**  NO, I MEAN, YOU CAN -- IF YOU WANT TO --

16         **MR. TAITELMAN:**  IF I HAVE TO WORRY ABOUT PAGE LIMITS

17  THEN --

18         **THE COURT:**  YEAH, IF YOU WANT TO -- IF YOU WANT TO

19  REQUEST -- I MEAN, SINCE -- SINCE THERE ARE, YOU KNOW,

20  POTENTIALLY THREE SIGNIFICANT ISSUES, WE CAN HAVE -- YOU KNOW,

21  WE CAN EXPAND THE PAGE LIMITS A LITTLE BIT.

22         **MR. TAITELMAN:**  PLEASE.

23         **THE COURT:**  BUT I WANT IT ALL IN ONE BRIEF.  IT'S

24  JUST A LOT EASIER FOR ME.

25         **MR. TAITELMAN:**  NO PROBLEM.

1               **THE COURT:**  SO LET'S SEE.  THIS IS PROBABLY TOO MUCH,

2     BUT THE FIRST TWO BRIEFS CAN BE 35 PAGES, AND THE NEXT TWO

3     BRIEFS CAN BE 25 PAGES.

4               **MR. TAITELMAN:**  THANK YOU, YOUR HONOR.

5               **THE COURT:**  IS THERE -- IS THERE -- SO, IS THERE

6     ANYTHING ELSE FOR US TO DISCUSS RIGHT NOW?

7               **MR. TAITELMAN:**  I DON'T THINK SO.

8               **MS. CHANDLER:**  I DO NOT HAVE ANYTHING ELSE, YOUR

9     HONOR.

10              **THE COURT:**  ALL RIGHT, GREAT.  THANK YOU.

11              **MS. CHANDLER:**  THANK YOU.

12              **MR. TAITELMAN:**  HAPPY HOLIDAYS.

13              (PROCEEDINGS ADJOURNED AT 10:53 A.M.)

14

15

16

17

18

19

20

21

22

23

24

25

1
## CERTIFICATE OF TRANSCRIBER

2

3     I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4 TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5 THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6 U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7 PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8 ABOVE MATTER.

9     I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

10 RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN

11 WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

12 FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

13 ACTION.

14

15 *jncolumbini*

16                JOAN MARIE COLUMBINI

17                DECEMBER 26, 2019

18

19

20

21

22

23

24

25